Nov. Term,
1858.

BARNARD
v.
MACY.

---

### BARNARD and Wife *v.* MACY.

In a suit against heirs to compel the specific performance of a contract of their deceased ancestor for the conveyance of a tract of land, it is not necessary to make such of the heirs defendants as have already conveyed to the plaintiff in pursuance of such contract.

The defendants in such action, cannot give in evidence a conversation held in the absence of the plaintiff, between the witness and their deceased ancestor, concerning the ownership of the lands in controversy, unless the witness was referred by the plaintiff to the deceased for information concerning some disputed point, or uncertain question in relation thereto.

A general assignment of error, to the effect that "the judgment should have been for the defendant, and not for the plaintiff," is too general, and in ordinary cases will not be noticed.

*Wednesday,*
*January 19,*
1859.

APPEAL from the *Shelby* Court of Common Pleas.

HANNA, J.—This was an action to enforce the specific performance of a verbal contract for the sale of lands.

The complaint is, in brief, that in 1847, *Macy* agreed with his father that he would farm his lands and superintend his business, &c., and support his father and mother during their lives, and they were to "make him a right" to that part of the lands of the elder *Macy*, lying south of

*Blue River*, &c.   The elder *Macy* died in 1855, intestate, and without having made a deed.   Plaintiff alleges he has thus far complied with his contract, &c.   It is further alleged that all the heirs of the elder *Macy* have conveyed to the plaintiff, in discharge of the contract of the ancestor, except the defendants.

The defendants demurred to the complaint for its alleged insufficiency, and because the other heirs were not defendants.   The demurrer was not well taken.   The complaint is substantially sufficient, and shows a legal excuse for not giving the other heirs as defendants.   Upon the trial, one *Dixon* testified that in 1849, he went to the house of *Macy* to purchase the land in controversy; that the plaintiff was in the yard, and upon the witness making known his business, replied that his father was in the house, to go see him.   Thereupon the defendants offered to prove by the witness the declarations then made by the elder *Macy*, as to his ownership of the land.   The evidence was rejected.   It is not shown that the plaintiff was present at the conversation, and, under the circumstances, we think the bare fact that he referred the witness to his father was not sufficient to let in the declarations offered.   There was not, so far as we can perceive, any uncertain or disputed question in regard to the ownership of the land about which reference was made for information. 1 Greenl. § 182.

The next error—that a new trial should have been granted—involves the sufficiency of the evidence to sustain the finding.   We have carefully examined the evidence, and think that this objection is not well taken.

The last error assigned is, that the decree should have been for the defendants and not for the plaintiff.   This is, under the statute and various decisions, too general, and in ordinary cases will not be noticed.

*Per Curiam.*—The judgment is affirmed with costs.

*P. A. Hackleman*, for the appellants.

*L. Sexton* and *A. W. Hubbard*, for the appellee.