### RICKETTS *v.* BRAUN ET AL.

BOND OF INDEMNITY.—*Mortgage.*—*False Representation.*—*Contract.*—Where a person who, as surety, had executed an indemnifying bond, and, to secure himself against liability, had taken from his principal a mortgage upon certain land, induced a purchaser of the land so mortgaged to agree in writing to assume all the obligations under the bond, and also induced him to pay over to him, said surety, the balance of the purchase-money of the land, after the

discharge by said purchaser of certain debts, which said principal and surety had represented to such purchaser as the only obligations secured by the indemnifying bond;

*Held*, that said surety could not require said purchaser to repay to him other moneys afterward collected from said surety, under such bond, for liabilities not disclosed to the purchaser.

NEW TRIAL.—*Motion.*—That the court erred in permitting improper, illegal, and irrelevant testimony to be given on the trial, is not a sufficient statement of a ground for a new trial.

APPEAL from the Rush Common Pleas.

PETTIT, J.—This suit was brought by the appellant against the appellees, and the complaint, in substance, shows the following facts: That one Anderson as principal, and appellant as surety, executed their bond to one Horr, to indemnify him against all liability or loss by reason of his having been a member of the firms of Horr & Anderson and Anderson & Burns; that appellant, to indemnify himself as surety for Anderson, had certain real estate mortgaged to him by Anderson; that appellees bought of Anderson his equity of redemption, and secured a release of his mortgage by appellant, and as a consideration therefor made the following agreement, endorsed on the indemnity bond of Anderson and appellant to Horr:

"I, William Braun and Thomas Heaton, do hereby bind ourselves to do all the matters and things mentioned, and fulfil all the obligations that the said Edward Anderson and Daniel Ricketts are bound to do for the said Thompson Horr, and at the time and in the manner mentioned in the agreement hereto annexed.                    WILLIAM L. BRAUN,

"THOMAS HEATON."

The complaint then alleges a failure to comply with this agreement, and that appellant, by suit, was compelled to and did pay four hundred and seventy-six dollars on account of the liability of Anderson under the bond given by him and Anderson to Horr. These facts are given with great circumstantiality as to dates, claim, suit, judgment, execution, and payment; and the complaint demands judgment for six hundred dollars and costs.

To this complaint the defendants, appellees, answered as follows:

"The defendants, for answer to the complaint, say that on the ——— day of ———, 186—, they purchased of said Edward Anderson (who claimed to have some interest in the same) and the plaintiff (who had the legal title to the same), for the sum of one thousand six hundred dollars, the following real estate situate in Rush county, State of Indiana, to wit: A part of town lot No. 56, in the original plat of the town of Rushville, bounded as follows: commencing forty-five feet north of the S. W. corner of said lot, No. 56, and running thence south twenty-five feet, thence by a parallel line from each corner back east across said lot to the east line thereof, embracing all of said lot within said parallel lines; and that as a part of the purchase-money of said real estate, the defendants agreed to pay the following named debts of said Anderson: to David Wilson $200, secured by mortgage on said property; to Frank Bowen $200, on note; to Edward Anderson $381; to James Burns $302.91, cash; to plaintiff $496.09; which were represented by the plaintiff and the said Anderson, prior to and at the time of making such purchase, as all the debts said Anderson and said Ricketts were bound for upon the written agreement named in the complaint; and the defendants relying upon the said representations of said Anderson and the plaintiff as to the indebtedness for which Anderson and the plaintiff were bound on said written agreement, and believing the said representations to be true, were induced by the plaintiff to execute the written agreement named in the complaint; and in order to secure the payment of the above named debts and none other, these defendants, at the request of the plaintiff, signed the written agreement named in the complaint; that the remainder of said purchase-money the defendants paid over to the plaintiff in cash; that they have fully paid and satisfied each and all of the above debts and obligations of the said Anderson and the plaintiff; and that the said debt named in the plaintiff's complaint was not named or mentioned as

one of the debts of said Anderson or plaintiff, nor had the defendants any knowledge of the same, nor did they ever agree to pay the same. Wherefore, having fully paid the said purchase-money for said real estate and discharged and satisfied all of the debts of the said Anderson and the plaintiff which they agreed to pay and satisfy, they pray judgment for costs and all proper relief."

Is this a good answer to the complaint? We hold that it is. The appellant had gone security for Anderson in an indemnifying bond to Horr, and had taken a mortgage on real estate to secure himself, and he and Anderson had sold the same real estate to appellees for one thousand six hundred dollars, and had by false representations induced the appellees to take the place or liability of Anderson and appellant on the indemnifying bond to Horr. Anderson and appellant represented that only certain specified debts of Anderson were to be secured by appellees; and relying on these representations, they signed the instrument sued upon, when, in fact, there were other debts that Anderson and appellant were liable for to Horr on their indemnifying bond. Appellees paid all the specified debts and the residue of the purchase-money for the real estate to the appellant, thus having paid all they agreed to pay for the real estate. If appellees were liable on their agreement for other or further debts of Anderson, then Ricketts, the plaintiff below and appellant here, ought not to have taken the balance of the purchase-money, but should have left it in the hands of the appellees, to discharge such other or further debts of Anderson, and Ricketts ought not to be allowed legally to say, I have got all the money the appellees agreed to pay for the real estate, and have a large part of it in my pocket; but because they signed a paper upon my misrepresentations, and as I have been compelled to pay money on the indemnity bond which I gave, I want them to pay that amount to me over and above the amount they agreed to pay for the real estate which they got; although I have the full price of it in my pocket. **In**

*Bischof* v. *Coffelt*, 6 Ind. 23, this court says: "If the representations of one party, in a case where such repesentations are calculated to inspire confidence, are confided in and acted upon by another as true, when in reality they are false, and thereby the latter is induced to enter into a contract which otherwise he would not have made, the law will declare the transaction fraudulent and void, without reference to the motive of the party inducing the fraud." See, also, *Matlock* v. *Todd*, 19 Ind. 130, which is fully in point in this case. The holding of this answer to be good disposes of all the real questions in this case. In a motion for a new trial, the second reason is thus stated: "The court erred in permitting improper, illegal, and irrelevant testimony to be given upon the trial of this cause."

We have often held that this reason for a new trial is insufficient, as it does not point out or refer to what illegal evidence was admitted; and we do not feel it to be our duty to again give the reasons for this ruling. There was a motion in arrest of the judgment overruled. It follows that if the answer was sufficient, then all other rulings of the court were correct, as the evidence fully sustained the answer.

The judgment is affirmed, at the costs of the appellant.

*G. B. Sleeth, B. L. Smith, J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellant.

*L. Sexton,* for appellees.