## WORTHINGTON v. BROWN ET AL.

MOTION FOR NEW TRIAL.—A motion for a new trial assigned as cause the exclusion of certain evidence, designated only by reference to a bill of exceptions, which was not filed till the motion had been filed and overruled.

*Held,* that the motion was too indefinite, and that it received no aid from the bill of exceptions filed afterward.

From the Warren Circuit Court.

*M. Milford,* for appellant.

*Wallace & Rice,* for appellees.

DOWNEY, J.—Suit by the appellees against the appellant, as a tenant holding over, for the recovery of possession of real estate, commenced before a justice of the peace and appealed to the circuit court. After a trial by the court and a finding for the plaintiffs, the defendant moved the court to grant him a new trial; the motion was overruled, and final judgment was rendered for the plaintiffs. The error assigned in this court is the refusal to grant the new trial.

The ground of the motion for a new trial which is relied upon is stated in the motion as follows:

"3. The court erred in sustaining the motion of plaintiffs in objection to the introduction of certain evidence herein,

which appears in bill of exceptions marked No. 1, elsewhere in the record, instead of having overruled such objection."

The motion for a new trial was filed on the tenth day of the term, and was overruled on the same day. The bill of exceptions was not filed until the fourteenth day. The reason for a new trial is too indefinite, and it can derive no aid from the bill of exceptions afterward filed. The written motion for a new trial should call the attention of the court, specifically, to the errors which the court is supposed to have committed during the trial. This requirement is for the benefit and assistance of the court which is supposed to have committed the errors chiefly, and not exlusively for the information of this court on appeal. It is probable that if the reason of the rule was better understood, and if the subordinate courts would improve the opportunity afforded by a careful review of the points upon which they are supposed to have erred, there would be a perceptible decrease in the number of cases coming to this court. In this case, the court committed no error in overruling the motion for a new trial for the reason stated. *Sim* v. *Hurst*, 44 Ind. 579.

The judgment is affirmed, with costs.