## FISHER *v.* HAMILTON.

PRACTICE.—*Demurrer.*—*Harmless Error.*—A defendant can not be harmed by sustaining a demurrer to· a paragraph of his answer, where the evidence admissible thereunder is admissible under a remaining paragraph of the answer.

SAME.—The delivery of a promissory note being an essential part of its execution, in an' action on a note, the sustaining of a demurrer to a paragraph of answer denying its delivery can not harm the defendant where there remains a paragraph of general denial of the execution of the note sworn to.

MOTION FOR NEW TRIAL.—"Error of law occurring at the trial," is too general and indefinite as a statement of a cause in a motion for a new trial

From the Shelby Common Pleas.

*E. H. Davis* and *C. Wright,* for appellant.

*G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellee.

DOWNEY, J.—There are three errors properly assigned in this case:

1. Sustaining the demurrer of the plaintiff to the first paragraph of the answer of the defendant.

2. Sustaining the demurrer of the plaintiff to the second paragraph of the answer.

3. Refusing to grant the defendant a new trial.

The action was by the appellee against the appellant, and was upon a promissory note made by the defendant to the plaintiff, on the 9th day of September, 1867, for four hundred

dollars, at six months, payable at the banking house of the plaintiff, in Shelbyville, Indiana.

The averments in the first and second paragraphs of the answer of the defendant amount to a denial of the delivery of the note by the defendant. The fourth paragraph of the answer was a general denial of the execution of the note, sworn to by the defendant. As the question relating to the delivery of the note, which was an essential part of the act of execution, was fully involved in the issue on the fourth paragraph, the sustaining of the demurrers to the first and second paragraphs could not have harmed the defendant, and can not be a cause for reversing the judgment. Authorities on this point are not deemed necessary.

If there is any question as to the effect of the first and second paragraphs of the answer, and if it should be claimed that they are answers of want of consideration, still, as the third paragraph of the answer was a paragraph alleging in general terms a want of consideration, the same rule would apply.

A trial by jury having terminated in a verdict for the plaintiff for three hundred and fifty dollars. the defendant moved for a new trial for these reasons :

1. The verdict is not sustained by sufficient evidence.

2. It is contrary to law.

3. Error of law occurring at the trial.

4. Error in the assessment of the amount of the recovery, the same being too large.

The overruling of this motion, which is the third error assigned, is the only remaining question for consideration.

We can not, in view of the evidence given, disturb the judgment for lack of evidence to sustain the verdict. Nothing is urged under the second cause for a new trial. Counsel argue questions concerning the rejection of evidence offered by the defendant, and also concerning the instructions of the court, but these were not mentioned in the motion as causes for a new trial, and can not, therefore, be considered by us.

The third reason stated, that is, " error of law occurring at the trial," is entirely too general and indefinite to enable us

to consider any question under it. There is no ground, that we can see, for the statement that the damages were excessive, and this ground is not urged in the brief of counsel for appellant.

The judgment is affirmed, with costs.