ANDERSON, EX'R, *v.* THE GREENSBURGH, KINGSTON, AND CLARKSBURGH TURNPIKE COMPANY.

NEW TRIAL.—That the court admitted improper and incompetent evidence, is too indefinite a statement of a cause for a new trial.

SAME.—*Costs.*—That the court rendered an erroneous judgment for costs, is not a cause for a new trial.

DECEDENTS' ESTATES.—*Filing Claim.—Costs.*—A claim was filed against the estate of a decedent, but was not sworn to. It was afterward amended, and then an affidavit was appended as to the correctness of the claim.

After trial, the executor moved that all the costs of the case should be taxed against the plaintiff, in consequence of the amendment and the lack of an affidavit to the claim as originally filed.

*Held,* that the motion was properly overruled.

SAME.—*Judgment Without Relief from Valuation.*—The allowance of a claim against a decedent's estate will not be reversed because the judgment is rendered without relief from valuation or appraisement laws, for the reason that no execution can issue, and therefore the error, if any, is a harmless one.

From the Decatur Common Pleas.

*J. S. Scobey* and *O. B. Scobey,* for appellant.

*S. A. Bonner, B. W. Wilson, C. Ewing,* and *J. K. Ewing,* for appellee.

DOWNEY, J.—This was a claim filed by the appellee against the estate of John S. Anderson, deceased, represented by the appellant. It was for four hundred and fifty dollars, for nine shares of the capital stock of the company, subscribed for by the deceased after the organization of the company. The answer was in three paragraphs, as follows:

1. A general denial.

2. Payment of one hundred and fifty dollars, in work and labor on the road.

3. Payment to the amount of one hundred and fifty dollars generally.

Reply in denial of the second and third paragraphs of the answer.

The cause was submitted to the court for trial, and the record informs us, that " the court having matured her opinion herein finds for the plaintiff," etc. A motion for a new trial made by the defendant was overruled, and final judgment was rendered for the plaintiff. The errors assigned are as follows:

1. Admitting improper, illegal, and incompetent evidence on the trial, over the objection of the appellant.

2. Because the said court overruled the motion of the appellant for a new trial herein.

3. Because the court overruled the motion of appellant to tax costs to said appellee.

4. Because the court rendered final judgment for the appel-

lee, when the court should have rendered such judgment for the appellant.

5. Because the court rendered judgment without any relief from valuation or appraisement laws, when the contract sued on does not authorize such judgment.

The first assignment amounts to nothing, for two reasons: 1. It is only a reason for a new trial at most, and therefore embraced in the second alleged error, if in the record at all; and, 2. It is entirely too indefinite to present any question, if otherwise unobjectionable.

The grounds of the motion for a new trial are as follows: 1. Because the court admitted improper and incompetent evidence, over the objection of the defendant. 2. Because the finding of the court is contrary to the evidence. .3. Because the finding of the court is contrary to the law. 4. Because the court found and rendered judgment for costs against the defendant.

As we have already said, the first ground for a new trial is entirely too indefinite to present any question. We think the evidence justified the finding of the court. Nothing is urged under the third reason for a new trial. The fourth, which relates to the judgment for costs, is no ground for a new trial, which is a re-examination of the facts of the case.

Under the third assignment of error, it is urged that the judgment for costs is wrong. There was an amendment of the claim after it was first filed, by filing with it a copy of the subscription to the stock, and also by adding an affidavit as to the correctness of the claim, by the president of the company. On this account, the defendant moved the court for judgment for costs against the plaintiff. Had the motion been for costs occasioned by the amendment, or those made prior to the making of the affidavit to the claim, the question would have been a different one. But we do not see that there was any error in refusing to render judgment for costs generally in favor. of the defendant.

The fourth assignment presents no question, as has often been decided.

There was no objection to the form of the judgment, nor any motion to alter or correct it, and therefore there is no question for our consideration as to that. But as no execution can issue on the judgment, which is merely an allowance of the claim to be paid in course of administration, and no sale of property therein can take place, either with or without valuation, the error would seem to be a harmless one.

The judgment is affirmed, with costs.