STEWART v. RITTERSKAMP.

PRACTICE.—*Motion for New Trial.*—Assigning as a cause, in a motion for a new trial, "error of law occurring at the trial and excepted to at the time" by the party making such motion, is too general to present any question for review.

From the Vigo Circuit Court.

*M. M. Joab*, for appellant.

*W. E. Hendrich* and *J. G. Williams*, for appellee.

BIDDLE, J.—Suit by appellee, against the appellant, on a written lease, to recover rent. The case was commenced before a justice of the peace, and appealed to the circuit court, wherein a trial by the court was had, and a finding for the appellee. Motion for a new trial, assigning as cause :

1. Because the decision is not sustained by sufficient evidence.

2. Because the decision is contrary to law.

3. Error of law occurring at the trial, and excepted to by the defendant at the time.

The assignment of error in this court is overruling the appellant's motion for a new trial.

First. As to the first cause assigned for a new trial, the evidence is plainly sufficient to sustain the finding.

Second. Wherein the finding is contrary to law, the appellant has not shown us, nor can we perceive it.

Third. This cause presents no point. It does not show wherein the error of law occurred—whether in denying a continuance, in empanelling a jury, or the misconduct of the jury, admitting or rejecting evidence, in giving or refusing instructions, or in any of the various ways it might have occurred in conducting a trial. The cause is so general that it might have imposed the duty upon the lower court, and upon this court, of searching the record from the commencement of the trial to the end. This is too general. The practice is well settled otherwise. *The Independence, etc., Plank Road Co.* v. *Doty*, 7 Ind. 580; *Hollingsworth* v. *The State, ex rel., etc.*, 8 Ind. 257; *Jolly* v. *The Terre Haute Drawbridge Co.*, 9 Ind. 417; *King* v. *Wilkins*, 10 Ind. 216; *Barnard* v. *Macy*, 11 Ind. 536; *Ruffing* v. *Tilton*, 12 Ind. 259; *Gallettley* v. *Barrackman*, 12 Ind. 379; *Humphries* v. *The Adm'rs of Marshall*, 12 Ind. 609; *Kent* v. *Lawson*, 12 Ind. 675; *Davis* v. *Scott*, 13 Ind. 506; *Barnard* v. *Graham*, 14 Ind. 322; *Snodgrass* v. *Hunt*, 15 Ind. 274; *Scoville* v. *Chapman*, 17 Ind. 470; *Oiler* v. *Bodkey*, 17 Ind. 600; *Shurtz* v. *Woolsey*, 18 Ind. 435; *Horton* v. *Wilson*, 25 Ind. 316; *Shirk* v. *Cartright*, 29 Ind. 406; *Ricketts* v. *Braun*, 42 Ind. 316; *Musselman* v. *Musselman*, 44 Ind. 106; *Sherlock* v. *Alling*, 44 Ind. 184; *Meyer* v. *Bohlfing*, 44 Ind. 238; *Specht* v. *Williamson*, 46 Ind. 599; *Meek* v. *Keene*, 47 Ind. 77; *Bowman* v. *Phillips*, 47 Ind. 341; *Scott* v. *The Indianapolis Wagon Works*, 48 Ind. 75; *Long* v. *Zook*, 48 Ind. 125; *Worthington* v. *Brown*, 48 Ind. 152; *Noble* v. *Dickson*, 48 Ind. 171; *White* v. *Rice*, 48 Ind. 225; *Fisher* v. *Hamilton*, 48 Ind. 239; *Adams* v. *Holmes*, 48 Ind. 299; *Morrow* v. *The State*, 48 Ind. 432; *Anderson* v. *The Greensburgh, etc., Turnpike Co.*, 48 Ind. 467; *Terry* v. *Deitz*, 49 Ind. 293; *Holmes* v. *The Phœnix, etc., Life Ins. Co.*, 49 Ind. 356; *Cobble* v. *Tomlinson*, 50 Ind. 550; *The State, ex rel., etc.*, v.

*Wilson*, 51 Ind. 96; *Heady* v. *The Vevay, etc., Turnpike Co.*, 52 Ind. 117.

If the reason of this rule, which seems so plain, should not occur to counsel in the hurry of practice, it is remarkable that so long a line of authority, running through so many years, should entirely escape their attention.

The judgment is affirmed, with costs.