## GREGORY v. SCHOENELL.

REPLEVIN.—*Contract.—Sale.—Rescission.—Fraudulent Representations.*—In an action by the vendor, against the vendee, to rescind a contract of sale of personal property, and to recover possession thereof, on account of alleged false and fraudulent representations, as to his solvency, made by the latter, to the former, to induce him to part with such property on the credit of the vendee, the plaintiff must establish the facts, that the alleged representations were made by the vendee; that, at the time they were made, they were false, and that the vendee knew them to be false; that they were such as would deceive a prudent man; that they were believed by the vendor; and that they induced him to part with such property.

SAME.—Where the vendor of personal property is induced to part with his property, on the credit of the vendee, not on account of false and fraudulent representations, made to him by the vendee, but on account of confidence in the vendee, acquired in prior dealings between such parties, such sale is valid, and can not be rescinded, nor such property recovered back, by such vendor, on account of such fraud.

SAME.—*Ratification.*—Where, on account of fraud practised by the vendee, a sale of personal property might have been rescinded and possession of the property recovered by the vendor, but the latter, with full knowledge of such fraud, accepts security for the payment of the purchase price of such property and allows such vendee to retain the possession thereof, until it is levied upon by an officer holding a writ against the property of such vendee, the vendor will be deemed to have acquiesced in and ratified such sale.

SAME.—*Sale of Property in Possession of Another.*—Property of the value of several hundred dollars, which had been levied upon by, and was in the possession of, an officer, under a writ against the property of the owner thereof, was, whilst so held, sold by him to a third person, for the sum of one dollar, but possession thereof was not and could not be given, by such owner, to such purchaser; and the latter thereupon brought suit against the former, to recover the possession of such property.

*Held,* that such sale was invalid, and such action could not be maintained.

SUPREME COURT.—*Practice.*—*Assignment of Error.*—An assignment as error, on appeal to the Supreme Court, of matter which is only cause for a new trial, presents no question for decision.

NEW TRIAL.—*Cause For.*—"Misconduct of the prevailing party," "error of law at the trial and excepted to by the defendant," and "misconduct of the jury," are too vague and indefinite to constitute grounds for a motion for a new trial of a cause.

From the Huntington Circuit Court.

*U. D. Cole* and *B. F. Ibach,* for appellant.

*W. H. Trammell, J. W. Gordon, T. M. Browne* and *W. C. Lamb,* for appellee.

BIDDLE, J.—Replevin by Frederick Schoenell, against James G. Gregory, to recover the possession of a pair of mules, one set of double harness and one wagon, which, it is alleged, were the property of Schoenell, and were wrongfully taken and unlawfully detained by Gregory.

Demurrer to complaint overruled. Exceptions. Answer. Trial by jury. Verdict for Schoenell. Motion for a new trial overruled. Exceptions. Judgment

The causes assigned for a new trial are:

"1st. Misconduct of the prevailing party;

"2d. That the verdict is not sustained by sufficient evidence, and is contrary to law;

"2d. Error of law at the trial, and excepted to by the defendant; and,

" 4th. Misconduct of the jury."

The first, third and fourth causes are not sufficiently specific; they present no question. This has often been decided. See *Stewart* v. *Ritterskamp*, 54 Ind. 357, this term. The second cause is well assigned.

In this court, six assignments of error are alleged. The first presents no question; the second, third, fourth and fifth are not matters to be assigned as error. If they contain any thing of substance it would be cause for a new trial. The only proper assignment of error is the sixth, " Overruling appellant's motion for a new trial;" and as no question of law is presented, and no valid cause for a new trial assigned, except the sixth, the only question properly presented for our consideration is the sufficiency of the evidence to sustain the verdict.

It appears by the evidence that, on the 6th of August, 1873, Schoenell sold the property in controversy to Gregory, for five hundred and twenty-five dollars, and took his note for the amount. The next morning after Schoenell sold the property, he went to Gregory, as he, Schoenell, expresses it, " to get the mules back, after I found he was in bad shape." Schoenell wanted security, and proposed to take the note of Booram & Gregory, and surrender Gregory's note. This arrangement was agreed to, and Gregory procured the note of Booram & Gregory to Schoenell, delivered it, and received back his own note, which was cancelled. Gregory kept the property till about the 22d of November, 1873, when it was levied on by the sheriff, as Gregory's property. While the property was in the sheriff's possession, Gregory sold it back to Schoenell for one dollar, and wanted Schoenell to replevy it from the sheriff, which he refused to do, but brought this suit against Gregory. Before suit, Schoenell demanded the property, and tendered back to Gregory the note of Booram & Gregory, which he refused to receive.

So far, the facts, we believe, are not disputed by either party.

The suit is sought to be maintained, as it seems by the evidence and the briefs of counsel, upon the ground that Gregory obtained the property, upon the original purchase from Schoenell, by fraud, in making false representations; and, therefore, that the contract may be rescinded by tendering back the note taken for the property, and demanding its return, before suit.

The testimony of Schoenell, given in the case, is as follows:

" Am plaintiff; owner of two mules, double set harness, nets, wagon, wood rack, etc., the property involved in this suit; on the 5th or 6th of last August, some one on the street says that Gregory wants to buy a pair of mules; I went to him; he wanted to buy my black team and the whole rig; I told him the price was five hundred and fifty dollars; he had bought Foust's on three months' time, and wanted mine on four months'; I took them up that night; I was sick that day, and my man drove them up, and I went with them; I took the note that night.

" Question by plaintiff. Is that all?

" Answer. Yes.

"I forgot to say that, when I delivered the mules, I asked for security; I told him he was a stranger to me; he said: ' The idea of security! I own the flax mills, and am interested in one at Wabash; I owe some, but have three dollars to one I owe, and have money in bank; I don't want to run short of money; I want to sell either the mill here or the one at Wabash, to make a furniture factory at one place or the other;' said he had offered to trade his property to Morgan, for his store; that he wanted to buy a quarter or half section of land, as an experiment; I went to Gregory to get the mules back, after I learned he was in bad shape; he said he gave a mortgage on them to Booram & Pease, in New York, and would write to them and get it taken off; he said they knew he had not

paid for them, but he gave it to save me and Mr. Foust; I afterwards, on the 22d day of November, 1873, purchased the mules of Gregory, for one dollar; he had the property about four months; they are not worth as much as when I sold them; damages, one hundred dollars, for use."

Cross-examined by defendant's attorney.

"Question. You said Mr. Gregory was a stranger to you. Had you never had any dealings with him previously to this?

"Answer. Yes; he had bought considerable wood of me.

"Question. Had he ever owed you any money before, how much, and had he always paid you?

"Answer. He had owed me as high as two hundred dollars before, and had always paid me.

"Question. Now, was it not that Gregory had owed you money, and had always paid you, that caused you to give him credit, and not any representations of his, regarding what property he owned?

"Answer. Yes.

"Question. Did you not, after receiving a note signed by Gregory, go and ask him to give you one in the name of Booram & Gregory?

"Answer. I heard, in the evening, after I had delivered the property and taken the note, that Booram owned most of the flax mills, and next morning I went to Gregory and asked him for a note signed by the firm. He said his boys had mislaid his printed notes, and he would write one and hand it to me. He afterwards gave me one signed by the firm of Booram & Gregory, and I delivered up the one first given."

This is all the testimony given by Schoenell.

Gregory, in his testimony given in the case, denies making any representations whatever about his property, at the time he bought the mules, etc., and denies that

Schoenell wanted any security on the note, when he sold the property and took the first note.

About the sale, changing the notes, and in other respects, there is no substantial conflict between the statements of the two parties.

The above is all the evidence given in the case, touching the fraud.

It such a case, to establish fraud, and authorize a rescission of the contract for that cause, the representations made must have been such as were calculated to deceive a person of common prudence; they must have been false, and known to be false, at the time, by the person who made them, and the person to whom they were made must have believed them to be true, and relied upon them; and they must have been the inducement which caused him to part with his property. A fraud, by which no one is deceived, is harmless, in law.

In seems to us that several links in the chain of evidence, necessary to support the appellee's cause, are absent. Whether Schoenell believed the representations made to him by Gregory were true does not appear; and whether they were false appears only very faintly; that the representations induced Schoenell to part with his property and give credit to Gregory, does not appear; indeed, the evidence tends strongly to the contrary. It is quite plain that Schoenell gave credit to Gregory because they had dealt together before, and Gregory had always paid him.

In our opinion, the fraud is not proved. We do not put it upon the question of the *weight* of evidence, but upon the ground that, as to some material points necessary to be proved to maintain the case, there is *no* evidence. Besides, the acquiescence in the contract, by Schoenell, during more than four months, and till the property was levied on as the property of Gregory, is very much against his cause.

On another ground:—There is no evidence whatever,

tending to show that the note made by Booram. & Gregory to Schoenell, for the property in dispute, is not valid, and the makers able and willing to pay it. Gregory was not bound to receive back the note and rescind the contract, after an acquiescence in the contract so long, by Schoenell, and after certain rights of other parties to the property had intervened.

But the appellee insists that he has a right to hold the property, under his purchase back from appellant for one dollar; but we think not. That sale had no validity. The vendor was not in possession of the property. No delivery was made. The consideration was merely nominal. If Schoenell supposed he was getting a right to the entire property for one dollar, the amount is so inconsiderable, compared with its value, that the contract would bear, upon its face, as against the rights of others in the property, evidence of its own invalidity; and if he supposed that he was purchasing whatever interest Gregory had over the liens upon the property, the act of buying it back would be a recognition of Gregory's title to it, acquired by his original purchase from Schoenell; so, in either event, we think he can not maintain his title under that purchase.

In our opinion, the court erred in overruling the motion for a new trial.

The judgment is reversed, with costs.

Cause remanded, with directions to sustain the motion for a new trial, and for further proceedings.