Worley *v.* Moore.

---

No. 7721.

WORLEY *v.* MOORE.

PLEADING.—*Notice.*—*Mistake.*—A complaint to recover money paid in consequence of an error in computing interest in making a settlement, which fails to aver that the defendant had notice of the mistake, is bad on demurrer.

SAME.—It is not necessary, in such complaint, to offer to place the defendant *in statu quo.*

SAME.—*Payment.*—A complaint, alleging that the plaintiff paid to the defendant $1,500 to apply on two notes held by the latter as a banker

for collection against the former, and that defendant applied $600 thereof upon a note held by himself against the payee of the two notes, and that the plaintiff was compelled afterward to pay the $600, but averring nothing as to how he was compelled to do so, is bad on demurrer. It shows no liability of the defendant to the plaintiff for the money misapplied.

DEMURRER.—*Practice.*—A demurrer admits only such facts as are well pleaded, and does not admit conclusions of law.

VOLUNTARY PAYMENT.—A voluntary payment of money, with knowledge of all the facts, where there is no liability to pay, gives no right of action.

PLEADING.—*Fraud.*—A complaint, alleging that a banker, expert in making computations, in settling a complicated account with one who is incapable of making such computations, falsely and fraudulently made out an indebtedness to himself of $3,450.05, when only $2,000 was really due, and thereby obtained payment of the larger sum, in known reliance upon his computation, is good on demurrer.

SAME.—*Diligence.*—In such case the rule, that one who deals with another in cases where there is no relationship of trust and confidence existing, must use ordinary diligence to protect his own interests, does not apply.

SAME.—*Answer.—Practice.*—An answer pleaded only to some paragraphs of the complaint, and good as to them, is not bad on demurrer for failing to answer the whole complaint; and where an answer to a complaint in three paragraphs, one of which is bad, sufficiently answers the good paragraphs, it is good on demurrer.

SAME.—*Mistake.—Settlement.*—To a complaint to recover money paid upon a settlement made by mistake and fraud, an answer averring that the payment was made by a conveyance of land from the plaintiff to the defendant, the price of which was to be fixed by two persons, who, in case of disagreement, should call in a third, and who, having disagreed, called upon the third person, who was corruptly bribed by the plaintiff to place a false valuation on the land, whereby the defendant was made to allow $1,400 in excess of the fair value thereof, is sufficient on demurrer.

SAME.—*Counter-Claim.—Conveyance.—Fraud.*—A counter-claim, to rescind such conveyance, alleging the same facts, with the addition that the defendant did not discover the fraud thus practiced upon him until this suit was begun, that he had offered to rescind and reconvey the land, and therein tendering such rescission, averring that the deed reconveying is brought into court for the plaintiff, is also good.

From the Monroe Circuit Court.

*W. C. L. Taylor* and *J. R. East*, for appellant.

*J. W. Buskirk, H. C. Duncan, J. H. Louden* and *R. W. Miers*, for appellee.

ELLIOTT, C. J.—The first paragraph of the appellee's complaint alleges that a mistake was made in computing interest in the settlement of accounts between him and the appellant, and that, by reason of such mistake, he was induced to pay the appellant a much greater sum than was due him. Two points are made against this paragraph. First, that it is insufficient, because it does not show notice of the mistake to the appellant prior to the commencement of the action. Second, that it is insufficient, because it does not aver an offer to place the parties in the position they occupied at the time the settlement was made.

Of these in their order: First. This paragraph of the complaint does not aver that any notice of the mistake was given appellant prior to the time the action was commenced. It is argued by the appellant's counsel that he was entitled to notice of the mistake, in order that he might have an opportunity of rectifying it. There is much reason for holding that, where there is a mutual mistake, an action will not lie until the party receiving the money is put in default by notice and demand. There is no wrong in receiving the money, for there is neither breach of contract nor of duty. The wrong does not arise until notice of the mistake, and refusal or neglect to refund the money received by mistake. Bare justice requires that one who has been paid money by mistake, should have an opportunity of making reparation before he is vexed and harassed by litigation. The mistake was as much the fault of the one party as of the other, and both are upon the same footing. To destroy this equilibrium, something ought to be done by him who seeks to maintain an action. *Thompson* v. *Doty*, 72 Ind. 336.

The second objection is without force, for the reason that it does not appear that the appellee received anything to restore. It is true, as appellant asserts, that one who receives anything of value, under a contract which he seeks to annul upon the ground of mistake, must return, or offer to

return, the thing received. This well known principle has no direct application here. It does, perhaps, afford some support to the first position, inasmuch as it shows the general principle upon which courts proceed in granting relief upon the ground of mistake. The general principle is, that parties must be allowed an opportunity to right an apparent wrong by fair correction.

In the second paragraph it is alleged that appellant was a banker and had in his possession for collection two promissory notes executed by appellee to one Daniel B. Woods; that appellee paid to the appellant $1,500 to be applied upon said notes; that, instead of so applying the money, he applied $600 upon a note which he held against Woods, and only applied $900 upon the two notes executed by the appellee. It is averred that appellee was compelled to pay to said Woods the sum of $600; but nothing is said as to what the compulsion was.

This paragraph is very vague and uncertain. A motion to make it more definite and specific would unquestionably have been proper. We are not prepared to hold that it is so vague and uncertain as that it must, for that fault, fall before a demurrer. There are many cases in which a motion to make more certain would prevail, where a demurrer would be fruitless. Nor is the paragraph to be adjudged bad because copies of the notes referred to are not made exhibits. The paragraph is not founded upon the notes. It is only where the pleading is founded upon the written instrument, that it is necessary to make it an exhibit. It is bad pleading to set forth exhibits in cases where they are not the foundation of the cause of action or defence.

Are the facts pleaded sufficient to constitute a cause of action? By placing the notes in appellant's hands, Woods made him his agent to receive payment. Payment to an agent is payment to the principal. When, therefore, the appellee paid these notes to the appellant, he extinguished

them. If, thereafter, appellant misapplied the money, he became liable not to the appellee, but to Woods. The wrong out of which the right of action arose was not to the debtor who paid the notes, but to the creditor, whose agent the banker was. No facts are stated which show any right in the appellee to sue the appellant. The right of action is affirmatively shown to be in some one else. Counsel for appellee refer us to *Bunger* v. *Roddy*, 70 Ind. 26. The decision in that case we most heartily approve, but it yields appellee no support. In that case, the debtor made a third person his agent, and entrusted him with the money to pay the creditor; but, instead of paying the money to the creditor, the agent converted it to his own use. The principle of that case is against, not for the appellee, for it decides that the principal holds the right of action. Applied here, the effect is to adjudge the right of action to be in Woods, the creditor, not in the appellee, for the money went into the appellant's hands as the creditor's agent.

Appellee could not voluntarily make himself the creditor of appellant. Except in very rare cases—we now recall but one, where a bill is paid to prevent dishonor—one person cannot, as a mere volunteer, become the creditor of another. For anything that appears, the appellee volunteered to pay the $600 to Woods. The facts he states show a right in Woods, not in him, to enforce payment of the $600, misapplied by the banker and agent of the creditor.

The general averment that appellee was compelled to pay is but the statement of a mere conclusion, and not the allegation of a fact. Facts, not conclusions, make good pleadings. It is not correct to say that a demurrer admits all things stated in a pleading; it has ever been and still is the rule, that a demurrer admits such facts as are sufficiently pleaded. A writer upon code pleading says: "If the facts stated in the pleading demurred to are insufficient, they are not helped by adding a conclusion of law; such conclusions

are not admitted." It is also said, "facts only are admitted which are well pleaded. Bliss Code Pl., sec. 418. ,

A voluntary payment of money, where there is no legal liability to pay, will not give a right of action. *Patterson* v. *Cox*, 25 Ind. 261, furnishes a striking illustration of this familiar doctrine. It is only one of the many cases in our own reports. *Lafayette, etc., R. R. Co.* v. *Pattison*, 41 Ind. 312 ; *Stedman* v. *Boone*, 49 Ind. 469, authorities cited, 482 ; *Ferguson* v. *Hirsch*, 54 Ind. 337 ; *Thompson* v. *Doty*, *supra*. The complaint under examination shows not only a voluntary payment of . money with knowledge of all the material facts, but it shows also that there was no liability at all to pay. It does even more than this ; it shows a case where no liability could possibly have existed.

The third paragraph attacks the settlement made between the parties, upon the ground of fraud. It alleges that appellee was indebted to the appellant in the sum of $2,000, that divers payments were made upon this indebtedness, that a settlement was made in December, 1877, that appellee paid appellant upon such settlement $3,450, and that the settlement was procured by fraud. It is charged, that included in the settlement was a promissory note executed by appellee to one Hiram Worley in 1867, and sundry other items ; that there were many items of indebtedness and of credits included in said settlement. The fraud is thus alleged : "That the defendant then was and still is a banker, and in every way proficient in calculating interest and in casting up accounts and computing amounts due on notes ; that the plaintiff is not versed in mathematics and makes calculations of the most ordinary kind with the greatest difficulty, and is wholly incapable of making intricate calculations such as partial payments of interest, which was then and there well known to the defendant. The defendant, for ` the purpose of arriving at the amount due on said notes, made a pretended calculation of interest and amounts due,

and falsely and fraudulently represented to the plaintiff that it amounted to the sum of $3,450.05, when in truth and in fact there was due on said notes and accounts the sum of $2,000 ; that plaintiff relying solely on the defendant's false and fraudulent representations, and believing that his said calculations were correct, that the said amount of $3,450.05 was the correct amount then due, he paid him the said sum, when in truth and in fact he only owed him said sum of two thou-' sand dollars.''

The general rule is, that one who deals with another, in cases where there is no relationship of known trust and confidence existing, must use ordinary diligence to protect his own interests. "Courts of equity do not sit for the purpose of relieving parties, under ordinary circumstances, who refuse to exercise a reasonable diligence or discretion." 1 Story Eq., sec. 200a; *Hunter* v. *McLaughlin*, 43 Ind. 38 ; *Pattison* v. *Jenkins*, 33 Ind. 87 ; *Hess* v. *Young*, 59 Ind. 379 ; *Clodfelter* v. *Hulett*, 72 Ind. 137.

We fully recognize this general rule, but we think that the appellee can not, upon the facts stated, be deemed indiscreet or negligent in such a degree as to preclude him from recovering what was unjustly obtained from him by a statement corruptly and falsely made. One who is incapable of making a computation of interest in intricate cases ought not to be denied relief for not doing what it was not within his power to do. The incapacity and ignorance of appellee was known to appellant, and he had no right to deceive him by making a false and corrupt statement. He had no right to take advantage of the want of capacity and overreach and defraud appellee, when he knew that the latter was not meeting him upon equal terms, but was submitting to, and relying upon, his superior knowledge and skill. The circumstances of the parties were such as entitled the appellee to rely upon the representations of the appellant. *Matlock* v. *Todd*, 19 Ind. 130 ; *Bischof* v. *Coffelt*, 6 Ind.

23; *Ricketts* v. *Braun*, 42 Ind. 316; *Beaver* v. *The President, etc.*, 34 Ind. 245; Bigelow Fraud, 155.

There was not, it is true, any fiduciary relation existing between the parties. If there had been, then the bare fact that advantage was gained would have entitled appellee to have the transaction adjudged fraudulent, even though there had been no false statement made or improper means used. While the case is not within the class denominated constructive frauds, yet it is one in which the appellant had no right to deceive the appellee by a false statement made for a corrupt purpose.

Error was committed in overruling the demurrers to the first and second paragraphs of the complaint. The demurrer to the third paragraph was properly overruled.

Cross errors are assigned, which require an examination of some of the answers filed by the appellant.

The second paragraph of the answer is addressed to the first and third paragraphs of the complaint. It is therein alleged that the calculations were reduced to writing, all the items fully set out, the paper containing the calculations handed to the appellee, who retained it for four weeks; that he thereafter, with a full knowledge of all the facts, agreed to the settlement and paid the money shown to be due. It is also expressly averred that there was no fraud or mistake, and that appellee was "truly indebted to appellant in the sum of $3,450.05." The objection urged against the answer is, that it does not state a defence to the entire complaint; this it does not profess to do. It does answer the two paragraphs to which it is addressed.

The fourth paragraph of the answer alleges that the payment of the sum found due appellee upon the settlement described in his complaint was made by the conveyance of a tract of land; that it was agreed that the value of the land should be fixed by two disinterested persons in case they could agree, if not, then that a third should be called in;

that the two persons first chosen did not agree ; that appellee knowing this procured a third person to be selected; that he corruptly bribed said third person to place a false valuation upon said real estate and paid him therefor the sum of one hundred and fifty dollars, and thus fraudulently caused the appellant to pay $1,400 more than the value of the land. Appellee concedes that this answer shows that the matters stated in it are connected with the cause of action stated in the first and third paragraphs of the complaint, but insists that it does not answer the second paragraph. As the second paragraph of the complaint was bad, the failure to answer it did the appellee no harm. A plea is sufficient if it meets and answers all the good paragraphs of a complaint. It is argued that the answer shows an arbitration, and that, as the only fraudulent act charged is the bribery of the third person, there was therefore no injury to the appellant, because a majority of the arbitrators were uncorrupted. This is a doctrine we can not approve. The appellant had a right to the judgment of disinterested and honest men, and in bribing one of them to make a false valuation the appellee invaded the rights of his adversary. He can not be allowed to take advantage of his corrupt and fraudulent act.

A counter-claim, or, as the appellant denominates it, a cross complaint, was also filed. The facts set forth therein are substantially the same as those stated in the fourth paragraph of the answer. There is, however, added to this pleading an allegation that the appellant had offered to rescind the contract and reconvey the land, and the further statement that the deed for the land is brought into court and tendered to the appellee. The same objections are urged to the counter-claim that were urged against the fourth paragraph of the answer, and it is further urged that the offer to rescind came to late. This position can not be maintained. The counter-claim avers that the appel-

lant was ignorant of the fraud practiced upon him, until the time appellee instituted his action. There was certainly no lack of promptness or diligence. The cross errors are not well assigned.

There are other questions discussed by appellant; but, as the judgment must be reversed on account of the errors in the rulings upon the demurrers to the complaint, we do not deem it necessary to discuss them.

Judgment reversed.