Cross r. Herr.

No. 10,762.

CROSS v. HERR.

PROMISSORY NOTE.—*Procurement by Fraudulent Representations.—Defence.— Consideration.——Pleading.*—To a suit on a promissory note, an answer is good which alleges that the note sued on was obtained by presenting to the defendant certain notes and receipts made by the defendant to the plaintiff twenty-five years before, with false credits endorsed thereon, and representing that all were valid and binding, with a threat to sue thereon; that the defendant was very aged, and the transaction concerning the execution of the papers had wholly passed from his memory, and he believed the plaintiff's representations, that the plaintiff had fraudulently and quietly waited until the defendant would forget, for the purpose then of imposing, as aforesaid, on the defendant with said papers; that in fact said notes and receipts were made for goods at the time delivered to the defendant temporarily for the plaintiff's accommodation, all of which were in a few days returned to the plaintiff, and the notes and receipts were to be cancelled, all which the plaintiff well knew when the note in suit was given, which was done in settlement of a part thereof.

WITNESS.—*Competency of Parties.—Statute Construed.*—Section 499, R. S. 1881, making parties incompetent as witnesses, applies only to the cases specified therein.

From the Porter Circuit Court.

*N. J. Bozarth,* for appellant.

*A. D. Bartholomew* and *H. A. Gillett,* for appellee.

COLERICK, C.—This action was brought by the appellant upon a promissory note executed to him by the appellee. An answer, consisting of two paragraphs, was filed. A demurrer to the second paragraph was overruled, and a reply to both paragraphs was then filed. The issues were tried by a jury, and resulted in the rendition of a verdict in favor of the appellee, upon which, over a motion for a new trial, judgment was rendered. The rulings of the court upon said demurrer and motion for a new trial are assigned as errors.

The second paragraph of the answer averred, in substance, that prior to the execution of the note sued upon the appellant presented to the appellee certain notes, and receipts, call-

ing for money, that had been executed by the appellee more than twenty-five years before that time, and demanded their immediate payment or settlement; that appellant had employed an attorney to collect the same, who was then threatening to institute an action thereon unless they were immediately paid or settled; that appellee was, by the presentation to him of said notes and receipts, taken by surprise; that appellant had endorsed upon said notes and receipts false and fictitious credits, purporting to represent small payments made thereon within the twenty years then last past, of which pretended payments the appellee was wholly ignorant; that appellant, at the time he so presented said notes and receipts, falsely represented and stated to the appellee that the same were genuine, and represented an honest indebtedness, and that said pretended credits represented actual payments made thereon, and that appellee could in no way escape liability on said notes and receipts, and falsely and fraudulently expressing a desire on his part to avoid litigation proposed to make a large reduction on the amount of said claims if the appellee would execute the note in suit; that appellee was then quite aged, and the transactions in which said pretended notes and receipts had their origin had wholly passed from his memory, and then knowing of no means of gainsaying the appellant's said statements, by which he was led to believe and did believe that he was liable on said notes and receipts, and so believing and relying on said statements, he executed the note sued upon in settlement of the larger claim of the appellant represented by said notes and receipts. It is then averred that the appellee, since the execution of the note in suit, has learned, and charges the fact to be, that all of said notes and receipts were given for certain goods which were, at the time of the execution of said notes and receipts, placed by the appellant in his hands for the accommodation of the appellant, and for a temporary purpose, all of which goods were within a few days thereafter returned to the ap-

pellant, and said notes and receipts were to be cancelled and surrendered, and that none of the alleged payments repre-. sented by said pretended credits had ever been made on said notes and receipts, and that all of these facts were well known to the appellant at the time of his making the representations aforesaid, and at the time of the giving of the note in suit, and that at said times the appellant well knew that he had no honest claim against the appellee for any sum whatever, and had quietly and fraudulently kept said notes and receipts until the facts connected therewith had escaped the recollection of the appellee, and entered said false and fraudulent credits on said notes and receipts for the fraudulent purpose of avoiding the effect of the statute of limitations thereon, and thereby impose upon the appellee an apparently valid claim, which the appellant all the while knew was wholly false and fictitious. Wherefore, etc.

It is true, as asserted by the appellants, that representations to be fraudulent must be made concerning existing facts, and that fraud can not be predicated upon representations of the law, however false they may be, as every person is bound to know the law. *Burt* v. *Bowles*, 69 Ind. 1. But in this case the only important and material representations recited in the answer under consideration, as constituting the fraud complained of, related to existing facts. As a general rule a party who, by fraudulent representations as to existing facts,. has been induced to execute an agreement, may set up such representations in bar of an action on the agreement. *Clem* v. *Newcastle, etc., R. R. Co.*, 9 Ind. 488. And a contract procured by such representations may be avoided, though the means of obtaining information was fully open to the party deceived, where, from the circumstances, he was induced to rely upon the information and representations of the other party. *Matlock* v. *Todd*, 19 Ind. 130. See, to same effect, *Bischof* v. *Coffelt*, 6 Ind. 23; *Ricketts* v. *Braun*, 42 Ind. 316; *Worley* v. *Moore*, 77 Ind. 567. Upon the facts. stated in the answer, the appellee, if he had paid in money·

the notes and receipts therein referred to, in lieu of executing therefor the note sued upon, might have recovered the money back in an action brought by him for that purpose. See *Brown* v. *College Corner, etc., Gravel Road Co.*, 56 Ind. 110; *Lewellen* v. *Garrett*, 58 Ind. 442 (26 Am. R. 74). The answer was sufficient, and, therefore, the demurrer was properly overruled.

The only reasons assigned in support of the motion for a new trial, that are urged by the appellant in this court, are:

*First.* That the verdict is not sustained by sufficient evidence, and is contrary to the evidence.

*Second.* That the court erred in refusing to suppress certain portions of the deposition of the appellant which was taken by the appellee.

*Third.* That the court erred in permitting the appellee to testify to certain facts, which are specified in the motion.

We have carefully examined the evidence, and find that it fully sustains the verdict. If it merely tended to support it, we could not, under the well settled practice of this court, disturb the verdict on the weight of the evidence.

The appellant insists that neither he nor the appellee was a competent witness to testify, as they were required and permitted to do, over the appellant's objection, to matters relating to said notes and receipts, which occurred prior to the death of John Cross, the ancestor of the appellant, to whom they were payable, and cites, in support of his assertion, section 499, R. S. 1881, which provides that, "In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

This action was not brought "by or against heirs or devisees," nor was it "founded on a contract with or demand against the ancestor." It was instituted by the appellant in

Cross *v.* Herr.

his own right, on a promissory note executed to him by the appellee, and, therefore, the provision of the statute above set forth is not applicable to this case.   Again, the record shows that before the deposition was read to the jury the appellant was called as a witness and testified that the notes and receipts were assigned to him, for a valuable consideration, by said John Cross in his lifetime, and it also appears by the record that before any of the evidence which was objected to was introduced, proof had been adduced clearly showing that although the notes and receipts on their face purported to be payable to John Cross, he, in fact, had no interest whatever in them, and that they actually belonged to the appellant, who at the time of their execution was in embarrassed circumstances, and had caused the notes to be made payable to his father, so as to place them beyond the reach of his creditors.   No error was committed in the admission of the evidence.

It is also insisted by the appellant that the court erred in permitting the appellee to prove that a certain note executed by him, and which was surrendered to him by the appellant at the time of, and to induce, the execution of the note in suit by the appellee, was given by him without any consideration therefor.   It was proper, if not necessary, for the appellee to prove that the note which was so surrendered to him was valueless, and, therefore, constituted in fact no consideration whatever for the note sued upon, and for that purpose the evidence was material and competent.

This disposes of all the questions which have been presented for our consideration, and there being no error in the record the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed at the costs of the appellant.

Filed June 4, 1884.