## No. 122.

### FIRESTONE *v.* WERNER.

PLEADING.—*Demurrer.*—*Sufficiency of.*—A demurrer to a complaint, alleging, as a cause of demurrer, " that the same does not state facts sufficient to constitute a ground of complaint," does not question the sufficiency of the complaint.

SAME.—*Complaint.*—*Fraudulent Representations.*—While a prospective purchaser of chattels was examining the records of the recorder's office to see if the property was encumbered, the owner of the chattels, who had executed a mortgage upon them to another, entered. His name was Jefferson Werner, but it was pronounced *Warner* by others and by himself also. The purchaser found a mortgage on the property executed in the name of Jeff ██ rner, and said, in his presence and hearing, that said mortg██ ld not have been executed by him because it was not in his na██ ██e did not contradict the statement nor disclose his real name. terwards, on the same day, he stated to the purchaser that the mortgage found had not been executed by him, and that he had no knowledge of any mortgage on the chattels. In reliance upon his acts and statements, the purchase was made, and subsequently the purchaser was compelled to pay off the mortgage to prevent a foreclosure.

*Held,* that the owner was guilty of a fraudulent misrepresentation, and that a complaint stating the facts substantially as above was sufficient.

From the Marshall Circuit Court.

*C. Kellison,* for appellant.

*A. C. Capron,* for appellee.

NEW, J.—The complaint in this case contains but one paragraph, and is to recover damages arising out of the sale of certain chattels by the appellee to the appellant.

The complaint was demurred to by the appellee in the following form :

" Comes the defendant in the above entitled cause of action and demurs to the plaintiff's complaint, for the following grounds of objection : That the same does not state facts sufficient to constitute a ground of complaint."

The demurrer was sustained and exception saved. The appellant, who was the plaintiff below, declining to plead further, it was adjudged by the court that he take nothing by his complaint, and that the appellee recover costs.

The ruling of the court in sustaining the demurrer to the complaint is called in question by error, properly assigned.

Counsel for the appellant, in his brief, suggests that the demurrer as above set out was not such as could test the sufficiency of the complaint.

This criticism upon the demurrer is just. There is no such cause of demurrer to a complaint recognized by the code of civil procedure as that which is here assigned. The causes for which a demurrer may be sustained to a complaint are plainly stated by the law, but this is not one of them.

In the case of *Blinks* v. *State, ex rel.*, 48 Ind. 172, it was, in effect, held that in a demurrer to a complaint, the words "ground of complaint" were not the equivalent of "cause of action or paragraph of complaint."

In the case of *Pine Civil Tp.* v. *Huber Mfg. Co.*, 83 Ind. 121, the language of the demurrer was: "The defendant demurs to the plaintiff's complaint, for the following grounds of objection, to wit: Because said complaint does not state facts sufficient to constitute a complaint." It was held that such a demurrer presented no question for the consideration of the court.

In the case of *Grubbs* v. *King*, 117 Ind. 243, it was held that a demurrer to a complaint for an injunction, alleging, as a cause of demurrer, "that the same does not state facts sufficient to constitute a good and sufficient petition," did not call in question the sufficiency of the complaint. See, also, the following cases: *Martin* v. *Martin*, 74 Ind. 207; *Peden* v. *Mail*, 118 Ind. 556.

The sustaining of a defective demurrer to an insufficient pleading is a harmless error, and, therefore, can not work a reversal of the judgment. *Hildebrand* v. *McCrum*, 101 Ind. 61; *Palmer* v. *Hayes*, 112 Ind. 289.

The sustaining of a defective demurrer, however, to a sufficient pleading would not be a harmless error, and hence it becomes necessary for us to determine whether the complaint states facts sufficient to constitute a cause of action.

It is contended by the counsel for appellee that the fraudulent acts averred in the complaint against the appellee would not throw a man of ordinary prudence off his guard.

We can not adopt this view. The appellant, desiring to purchase the chattels, went, as a prudent man should do, to the recorder's office to ascertain if the property was encumbered. He understood the appellee's name to be Jefferson *Warner;* the name was so pronounced by the appellee himself, and the appellant had heard it pronounced in no other way. After the appellant, with the assistance of the recorder, had found a chattel mortgage executed by the name of Jefferson *Werner* to one Horatio A. Hess to secure $137.25, and while the mortgage record was open, the appellee entered the room. The appellant then remarked, in the presence and hearing of the appellee, that the mortgage before them could not be the record of any mortgage executed by the appellee, or intended for him, as his name was *Warner*, and not *Werner*, and the appellant avers that he believed his statement to be true at the time he made it ; that the appellee then and there, knowing that the appellant was laboring under a mistake as to his name, and for the purpose of cheating the appellant, and to induce him to purchase said chattels as free from encumbrance, remained silent and refused to make known that his name was *Werner*, and that he was the identical person who executed said mortgage ; that he was deceived by the action of the appellee, and left the recorder's office in the full belief that said mortgage had been executed by some other person than the appellee, and that the appellee knew he was deceived in that regard ; that afterwards, on the same day, when in company with the appellee, said mortgage record was referred to, and the defendant stated positively, and in substance, that said recorded mortgage was not the record of any mortgage executed by him, because he had never executed a mortgage on said chattels, and further said that he had no knowledge of any mortgage on said chattels. The appellant says he relied on these acts

and statements of the defendant, and upon statements of like tenor and effect made by him when the purchase was consummated, to wit, on the 12th of November, 1887; that he paid five hundred and fifty-two dollars for the said chattels before he learned that said mortgage had been executed by the appellee to said Hess, and was a valid lien on said property; that he has been compelled, prior to the commencement of this suit, to pay to said Hess one hundred and fifty dollars to prevent a foreclosure of said mortgage and sale of said property.

Representations will not be deemed fraudulent in law unless they are made concerning some material existing fact, are false, are such as the party had a right to rely upon, did rely upon, and was deceived and damaged.

Misrepresentations may consist as well in the concealment of what is true as in the assertion of what is false. If a man conceals a fact that is material to the transaction, knowing that the other party acts upon the presumption that no such fact exists, it is as much a fraud as if the existence of such fact were expressly denied, or the reverse of it expressly stated. Kerr Fraud and Mistake, 94.

A man may, by mere silence, without active concealment, produce a false impression upon the mind of another. Silence implies assent where there is a duty to speak. Kerr Fraud and Mistake, 100.

To induce one to forbear investigation, or to prevent effective examination, will excuse a failure to inquire. Where one induces another to abstain from seeking information, mere concealment of facts may become fraudulent. 1 Bigelow Law of Fraud, 532.

A man who by misrepresentation or concealment has misled another, can not be heard to say that he might have known the truth by proper inquiry. Kerr Fraud and Mistake, 70; *Dodge* v. *Pope,* 93 Ind. 480; *Cross* v. *Herr,* 96 Ind. 96; *Matlock* v. *Todd,* 19 Ind. 130.

In the case of *Hale* v. *Philbrick,* 42 Iowa, 81, the court

says : " We are not inclined to encourage falsehood and dis-
honesty, by protecting one who is guilty of such fraud, on
the ground that his victim had faith in his word, and for that
reason did not pursue inquiries that would have declared
the falsehood."· See, also, *West* v. *Wright,* 98 Ind. 335.

It does not appear from the complaint to what extent the
mortgage found of record had been examined by the appel-
lant, when the appellee came into the recorder's office and
heard the appellant say that the mortgage could not have
been executed by him, because it was not in his name. If
the appellee heard what was said by the appellant it was his
duty to speak and declare the truth. It is alleged in the
complaint that the appellant's remark was made in the pres-
ence and hearing of the appellee. It was not a case where
the appellee had a right to remain silent. His silence im-
plied, under the circumstances, that the mortgage was not
executed by him, and was calculated to deceive the appel-
lant. The appellant says it did deceive him.

We do not overlook the rule that usually,when facts are
brought to the knowledge of a party which would put him,
as a man of ordinary prudence and sagacity, upon inquiry,
he is bound to inquire, and if he fails to do so, or to do so
properly, whether fraudulently or only negligently, he will
be chargeable with notice of what he might have learned
upon reasonable examination. But if he is stopped short in
his inquiries, or fails to make a reasonable examination be-
cause of the fault of the party of whom he complains, we
do not think the latter should be heard to say that the truth
might have been known by further inquiry. And especially
do we believe that this would be a wholesome and just rule
to apply to one who so very soon after his silence, when he
ought to have spoken, and before the sale takes place,makes
a positive declaration, in effect, that a further inquiry would
have been unavailing.

The complaint bears marks of hurried preparation, and
is not as clear as it might be as to whether it is intended to

proceed upon the theory of fraud or warranty, but we have concluded that the former is intended, and have so treated it in our consideration of its sufficiency.

The complaint was sufficient, and, therefore, the sustaining of the demurrer can not be regarded as a harmless error.

Judgment reversed, with costs.

Filed May 2, 1891.