BISCHOF
v.
COFFELT.

---

BISCHOF *v.* COFFELT.

```
6b   23
141  277
6b   23
152  131
```

In a suit against the maker of notes given for the price of goods, the defendant having offered evidence of fraudulent representations made to him by the payee concerning the goods at the time of the purchase, offered further to prove a series of sales made by the payee to other persons, in other places, by the same sort of falsehood and misrepresentations; but it was not pretended that the defendant, at the time of his purchase, had any knowledge of the other sales, or was influenced by them. *Held*, that the evidence was irrelevant.

If, in a civil case, the representations of one party, being calculated to inspire confidence, are confided in and acted upon by another as true, when they are really false, and the latter is thereby induced to enter into a contract which otherwise he would not have made, the law regards the transaction as fraudulent and void, without reference to the motive of the party who induced the fraud.

A verdict supported by competent evidence will not be disturbed on account of erroneous instructions or the admission of irrelevant evidence.

The assignee of a note given for the price of goods can not, a recovery on the note being defeated, recover the value of the goods under the common counts.

ERROR to the *Greene* Circuit Court.

STUART, J.—Assumpsit by *Bischof*, assignee of one *Billingheimer*, against *Coffelt*, on two promissory notes. Plea,

*Thursday,*
*December* 14.

the general issue, under oath. Verdict and judgment for *Coffelt*. The evidence is all properly in the record; and *Bischof* brings the case on error to this Court.

The evidence adduced under the general issue, goes to impeach the consideration of the note.

It appears that *Bischof* and *Billingheimer* were peddling broadcloths and other articles, through the western counties of the state. They offered the broadcloth at the low price of 2 dollars per yard, representing it to be *French* cloth, worth 7 dollars per yard, and naming several persons in *Greencastle* who had purchased from them, and sold at 7 dollars, and even a "higher figure." *Coffelt*, who was wholly ignorant of the value and quality of such goods, excited by these representations, bought largely of the supposed *French* broadcloth, and gave the notes now in suit for the purchase-money. It also appears in evidence, that the goods were not *French* broadcloth, but a very inferior article of *English* or *American* manufacture, of little value.

In further support of this part of the defence, *Coffelt* offered to give in evidence a series of fraudulent sales made by *Bischof* and *Billingheimer* to other persons, in different parts of that and the adjoining counties, effected by the same sort of falsehood and misrepresentation. It was not pretended, however, that, at the time of his purchase, *Coffelt* had any knowledge of these other sales, or that he was in any manner influenced by them. To the introduction of this evidence *Bischof* objected; but the Court overruled the objection, and permitted these independent transactions to go to the jury. This ruling of the Court was excepted to, and is one of the errors assigned.

The position is sought to be sustained in argument, by its analogy to the course of evidence in forgery. It is argued that the state is permitted to prove the particular case made in the indictment, and then to give evidence of other utterings of similar false instruments about the same time, to show the guilty knowledge and felonious intent. It is urged that the independent transactions here offered in evidence were admissible for the same reason, to answer a similar end.

Nov. Term, 1854.

BISCHOF
v.
COFFELT.

But we think the argument unsound. The object of inquiry in civil cases is entirely different from that in criminal cases. In the latter, facts are used chiefly as *indices* to the motives of the actor. The criminal law does not punish for the act done alone, but for the motive or intent with which it is done. Hence facts are made the means of exploring the intent. But in civil cases it is different. The facts themselves give character to the transaction. The motives of the actors are comparatively immaterial. If the representations of one party, in a case where such representations are calculated to inspire confidence, are confided in and acted upon by another as true, when in reality they are false, and thereby the latter is induced to enter into a contract which otherwise he would not have made, the law will declare the transaction fraudulent and void, without reference to the motive of the party inducing the fraud. It is sufficient, in civil cases, that a fraud has been committed, by means adequate to deceive. That fact, without the motive, furnishes all the elements essential for the law to operate upon.

Hence, in the case at bar, the independent sales, without the knowledge of *Coffelt*, however fraudulent they might be, could not, giving the argument its full latitude, go further than to point the fraudulent motive of the vendor. And as the motive was immaterial, the evidence was at least irrelevant. But it was more. Its tendency was to bias the jury in weighing the facts before them. We are, therefore, of opinion that the objection to its admission was well taken.

The second branch of the defence is the general issue under oath. There is evidence going to show that the maker of the notes could not read, that at the time of the execution the notes were only partially read, in one instance, and falsely read, as to amount, in the other. This, of itself, was sufficient to support the verdict in favor of the defendant. So that the errors of the Court in the admission of evidence or in the instructions to the jury are wholly immaterial.

Had the payee of the notes been the plaintiff, he might

have recovered the real value of the cloth under the common count. But *Bischof* is only assignee.

*Per Curiam.*—The judgment is affirmed with costs.

*J. P. Usher*, for the plaintiff.

*G. G. Dunn*, for the defendant.