*J. S. Straughan*, for appellants.

*C. C. Nave*, for appellee.

————————

## HAGEE and Another *v.* GROSSMAN.

SALE.—*Deceit.*—Where a seller of goods knowingly makes false representations to the buyer as to their quality, but the buyer does not rely upon such representations and is not deceived thereby, the seller is not liable in an action for deceit.

SAME.—Where a seller has made false representations as to the quality of the goods, but the buyer, in making the purchase, relies on a test of their quality made by his own agent who is not prevented by any act or word of the seller from testing the goods, the seller is not liable for deceit.

SAME.—*Evidence.—Examination of Goods by Jury.*—Upon the trial of an action for deceit in the sale of a quantity of flour, its quality at the time of sale being in question, the court refused to permit the flour to be examined by the jury, to test its odor.

*Held*, that it was properly excluded.

INSTRUCTION TO JURY.—There is no error in refusing to give to the jury an instruction asked by a party which is not pertinent to the issues.

APPEAL from the Miami Circuit Court.

Suit by the appellants against the appellee. The complaint alleges, that the plaintiffs were engaged in the business of baking bread for sale to the public, which was well known to the defendant; that the defendant, fraudulently and craftily, intending to cheat and defraud the plaintiffs, brought to their bakery twelve hundred pounds of flour, in sacks, which he falsely and fraudulently represented to the plaintiffs to be good, sound, merchantable flour, when, in fact, said flour was musty, worthless, and wholly unfit to be used in said business, which the defendant well knew; that the plaintiffs at the time paid the defendant seventy-five dollars for said flour, being $6.25 per hundred, relying on said representations of the defendant, and believing the same to be true; that after they had paid for the flour, they discovered it was worthless for the purpose for which it was purchased, and thereupon they offered to return it to the defendant, who refused to receive it or to repay said sum or any part thereof; whereby the plaintiffs were damaged, &c.

The defendant answered in two paragraphs: first, the general denial; second, that before the sale of the flour to the plaintiffs the defendant took it to their place of business, in sacks, and left it there for several days for them to inspect and try it; that after the plaintiffs had done so and knew the quality of the flour, he sold it to them at $6.25 per hundred, the price agreed upon between the parties, which was less than the market price at that time and place for good, merchantable flour.

Reply, the general denial. Trial by jury; verdict for the defendant, on which judgment was rendered, a motion for a new trial having been overruled.

RAY, J.—The appellants urge a reversal of this case upon the evidence. The only question before the jury was whether the appellants relied upon false representations of

the quality of the flour or purchased it upon their own judgment. The flour was left with them for examination for ten or twelve days, and they used one sack from among the lot; and although there is evidence that the flour from the sack used made good bread, and that from the other sacks did not, when used at a subsequent time, make bread fit for sale, still the jury might fairly find from the evidence in the case, that the flour was all of one quality when sold, being but one lot of flour, from the same lot of wheat, and ground at the same time, the sacks being filled from the mill.

We cannot disturb a finding for either party upon such evidence.

It is objected, that the court refused to permit the flour in question to be examined by the jury, that each juryman might personally test its odor.

The witnesses for the appellant stated, that it gave out a stronger smell when offered in evidence than when purchased, and it might be somewhat difficult by a bill of exceptions to introduce such evidence into this court. It was properly excluded from the jury.

The appellant objects that the following instruction is not pertinent to the case as made by the evidence, and is ambiguous. It was given at the request of the appellee.

"If you find that the flour in question, at the time of the sale, was not good, sound, merchantable flour; that the defendant at or before the sale represented to the plaintiffs that it was of that quality, knowing that such representation was false; yet the plaintiffs cannot recover, if you find that in the purchase of the flour they did not rely upon such representations of the defendant and were not deceived thereby." If this be construed to mean that the defendant represented the flour as not sound, the appellants could not be injured. If, as it clearly intends, the flour was represented as sound when it was not, but the representa-

tion did not deceive the appellants, the instruction is both pertinent and correct.

This instruction was also given to the jury: "If the jury find that the flour in question was left in the possession of the plaintiffs, for the purpose of being tested by their baker as the agent of the plaintiffs, as to its quality for the purpose for which they wanted it, and the defendant was not guilty of making any false or fraudulent representations or acts at the time, which the plaintiffs relied on as true, by which they were prevented from making such test, and after such test under such circumstances, the plaintiffs, relying upon the judgment of their baker as to the quality of the flour, purchased of the defendant, they cannot recover, although it be true that the defendant had previously made false representations as to the quality of the flour."

If by no act or word of the defendant the baker was prevented from testing the flour, and if the plaintiffs relied upon that test in making their purchase, they could not have rested upon the statements of the defendant, and he could not be liable for deceit.

The appellants asked the court to instruct the jury, that an offer to sell provisions for domestic use is an implied warranty of their soundness. As the complaint was for deceit, and not upon a warranty, either express or implied, the instruction was correctly refused. The court, however, gave the instruction, with the qualification, that the purchaser did not examine and rely upon such examination of the quality of the article sold.

The second instruction asked by the appellants omits to limit the recovery of damages to the injury resulting from deceit, but holds the appellee liable for concealment of defects, without requiring that the appellants should have relied at all upon the conduct or statements of the appellee. It was properly refused.

The sixth instruction given by the court informed the jury, that if "the plaintiffs relied exclusively upon" false representations made by the defendant, they were entitled

to recover. This certainly was correct. In such a case the plaintiffs should certainly recover. The instruction did not, however, limit the recovery to this state of facts. ·

The other instructions embraced in the abstract relate to the measure of damages upon a recovery by the appellants, and the event of the trial has rendered them unimportant.

Judgment affirmed, with costs.

*J. M. Wilson* and *O. Blake*, for appellants.

*N. O. Ross* and *R. P. Effinger*, for appellee.