## BOWMAN v. CARITHERS.

FRAUD.—*Misrepresentation.*—Fraud cannot be held to have been perpetrated by misrepresentations, when the party who claims to have been defrauded believed the opposite of what was represented.

SAME.—*Compromise.*—Where a party believes that a claim upon which an action has been commenced has already been paid, but because he is afraid he cannot prove the payment, and to avoid trouble and litigation, he pays a part of it, he cannot recover back the amount so paid, on the ground of fraud based upon statements of the claimant that the debt had not been paid.

APPEAL from the Vermillion Circuit Court.

DOWNEY, J.—Bowman held a note made by Kirkpatrick and brother, and Carithers as their surety, dated in 1857, due in eight months after its date. In 1868, Bowman sued Carithers on the note, and Carithers, in satisfaction of the claim, paid Bowman one hundred and ninety-seven dollars. This action was brought by Carithers to recover back the money thus paid. He alleges, in his complaint, that the note had been paid years before, but Bowman represented to him that it had not been paid, but was still due; that he relied upon this statement, and paid Bowman said amount, and took up the note, and Bowman dismissed the suit; that within a few months after the said payment, he discovered that said note had been fully paid off by the principals therein, or some one in their behalf, five or ten years before said payment was made by him; that Bowman's representations were false; that he knew them to be false, and made them fraudulently for the purpose of inducing him to pay said money; that as soon as he discovered the fraud, he tendered the note back to Bowman, with the privilege of suing on it, and demanded of him said sum of one hundred and ninety-seven dollars, which tender and demand he wholly rejected; wherefore, etc.

The answer of the defendant was a general denial.

A trial by jury resulted in a general verdict for the plaintiff and answers to interrogatories, as follows:

"First. Did Carithers believe, when he made the com-

promise with Bowman, that the note had not been paid? Ans. He did not.

"Second. Did Carithers, at the time he compromised with Bowman, believe the note had been paid? Ans. He did.

"Third. Did Carithers, at the time he made the compromise, believe the note had been paid, and make the settlement simply because he was afraid he could not get evidence enough to prove it? Ans. He did."

A motion for a new trial was made by the defendant and overruled, and also a motion for judgment on the special findings of the jury, which was also overruled.

Among the errors assigned, it is alleged that the court erred in refusing to render judgment for the defendant on the special finding of the jury, and in refusing to grant a new trial on the motion of the defendant.

In our opinion, the special findings of the jury in answer to the questions propounded to them are so inconsistent with the general verdict for the plaintiff, that judgment should have been rendered on them for the defendant. By these answers, the jury found that Carithers, the plaintiff, at the time he made the compromise, believed the note had been paid, did not believe that it had not been paid, and made the settlement simply because he was afraid he could not get evidence to prove the payment. If he believed the note had been paid, he was not defrauded by the statements of the defendant, that it had not been paid. He stated in his complaint that he relied on the statement of the defendant, that the note had not been paid. This cannot be true if he believed, as the jury found, that the note had been paid. We cannot conceive of a case where fraud has been perpetrated by misrepresentations, where the party who claims to have been defrauded believed exactly the opposite of what was represented. Common sense, without the authority of adjudged cases, should be sufficient to justify us in this assertion. But see *Hagee* v. *Grossman*, 31 Ind. 223; *Bischof* v. *Coffelt*, 6 Ind. 23. But the jury, in the third

finding, further say that the plaintiff not only believed that the note had been paid, but he made the settlement simply because he was afraid that he could not prove the payment. This clearly shows that there was no fraud in the matter. The plaintiff, with a full belief that the note had been paid by his principals, paid a part of the amount again to rid himself of further litigation and trouble about it.

The new trial was asked on the ground of errors in giving certain instructions to the jury, and refusing to give certain other instructions. The fifth instruction given was this:

"If, from the evidence, you find that Moses Bowman, at the time of the compromise, made representations which induced the plaintiff to make the compromise, and they were such representations as the plaintiff had a right to rely upon, and such representations were, in fact, false, you will be authorized to find for the plaintiff, even though he may have thought and believed, from Bowman's former statements, that the latter statements, upon which he, Carithers, relied, were false."

We cannot see how a party could be defrauded by statements which he, at the time, believed to be false. He had no right to rely upon statements which he believed to be false. He could not rely upon them. The mind is incapable of it.

The court refused to give the following instruction asked by the defendant:

"If, at the time Carithers compromised the suit with Bowman, and paid him the one hundred and ninety-seven dollars, he believed that the note had been paid, you should find for the defendant."

This charge should have been given. Had it been given, the jury would hardly have found a general verdict for the plaintiff, and in answer to question three as they did.

There are other erroneous instructions, which we need not set out in this opinion.

The judgment is reversed, with costs, and the cause re-

manded, with instructions to render judgment for the defendant on the special findings.*

*J. M. Allen, W. Mack, —— Williams, W. Eggleston, N. Harvey,* and *C. T. Burton,* for appellant.

*B. E. Rhoads* and *M. G. Rhoads,* for appellee.

*Petition for a rehearing overruled.