Laidla *v.* Loveless.

———————●———————

## LAIDLA *v.* LOVELESS.

JUDGMENT.—*Surety.*—*Replevin Bail.*—*Fraud.*—A complaint alleged that A. recovered a judgment against B., and the defendant, and the court found that the defendant was the surety of B. and ordered that the property of B. should be first exhausted, and that the judgment should not be replevied unless the replevin bail would undertake to discharge the judgment if it could not be made from the property of B.; that B. was then insolvent and left the state, and an execution issued, and the defendant requested the plaintiff to become his replevin bail; that plaintiff offered to loan him the money, but the defendant declined, alleging that he desired to delay the execution plaintiff; and the plaintiff, then, in ignorance of the special order in the case, became replevin bail, and relying upon the fraudulent representations of the defendant, did not read the instrument, believing it to be the ordinary obligation of a surety; that an execution was afterward issued, and he was compelled to pay the judgment; and he demanded judgment for the amount against the defendant.

*Held,* that the complaint was good.

SAME.—*Irregular Order of Court.*—It was shown on the trial, by the record, that judgment was taken, in the case against B. and the defendant, by default, and no issue of suretyship was made, nor was there objection to bail being given.

*Held,* that the finding of the court and order as to execution and replevin bail were irregular.

APPEAL from the Tippecanoe Circuit Court.

DOWNEY, J.—This was an action brought by the appellee against the appellant for money paid by him for the use of the appellant. Issues were made; after the overruling of a demurrer to the complaint, there was a trial by a jury, and a verdict and judgment for the plaintiff. The defendant

appealed, and has assigned as error the overruling of the demurrer to the complaint.

The facts stated in the complaint are, that John W. Waugh recovered a judgment in the common pleas of said county, on the 13th day of November, 1867, against Robert Boyd and Adam Laidla, for two hundred and eighteen dollars and sixty-three cents. The judgment was rendered by default. The court found that Laidla was surety only on the note, and it was ordered by the court that the judgment be levied of the property of Boyd, and that the sheriff should not proceed against the property of Laidla until the property of Boyd should be exhausted. It was further ordered by the court, that the judgment should not be repleviable unless the replevin bail should specially undertake to pay the same, if said judgment could not be collected of Boyd; that shortly after the rendition of said judgment, and before any execution was issued on the same, the said Boyd removed from the State, and has ever since been a non-resident of the State; and that at the time of the rendering of said judgment, and ever since, the said Boyd was and has been insolvent; that on the 15th day of January, 1868, an execution was issued on said judgment, upon the order of Waugh, and placed in the hands of the sheriff; that the sheriff could find no property of the said Boyd on which to levy, and called on said Laidla and demanded payment of him, and threatened to levy the execution on his property; that Laidla was then and still is in good circumstances, owning property worth seven thousand dollars; that being alarmed lest his property should be levied upon, he called on plaintiff to accompany him to Lafayette and become replevin bail on said judgment for him, the said Laidla, on the said execution; that plaintiff, not wishing to spare the time from his business, offered to advance the money to said Laidla to pay the execution; but he declined the same, on the pretence that he wished, for personal reasons, to keep the plaintiff Waugh from getting his money as long as he possibly could; that this plaintiff, finding that Laidla refused to

receive an advance of the money, and wishing as a near neighbor and old friend to accommodate him, etc., did accompany him to Lafayette, on the next day, February 25th, 1868, where, in company with said Laidla, he visited the sheriff at his office and announced to S. E. Hotchkiss, the sheriff's deputy, having charge of said execution, that he had come to enter himself as replevin bail for said Laidla for the stay of execution upon said Waugh judgment; that thereupon the said Hotchkiss proceeded to indorse upon the back of said execution a written obligation, and after he had finished the same, this plaintiff, being in a great hurry at the time, without reading the same or having the same read to him, and without having then, or at any time prior thereto, been notified or cautioned as to the terms of the original judgment rendered in favor of said Waugh as aforesaid, and resting under the belief and impression that the obligation so as aforesaid indorsed on said execution was nothing more than the ordinary obligation of a surety staying execution on a judgment for six months, and never for an instant suspecting that he was individually and solely assuming the payment of said judgment and releasing the said Laidla from all further responsibility on the same, he, the said plaintiff, signed his name to said obligation, and without asking any further questions in reference thereto, and relying on the good faith of said Laidla and said Hotchkiss, he left the sheriff's office and returned to his home; that he has since learned, and now charges, that the said Laidla was well acquainted, before and at the time this plaintiff signed the said obligation, with the terms of said judgment, and that in order to consummate a fraudulent trick upon this plaintiff and liberate himself, as he thought, from the payment of said judgment, he allowed himself to stand by and see this plaintiff sign said obligation, knowing that said plaintiff did so without being aware of the true nature of the contents of said obligation, and fraudulently concealing from this plaintiff all notice or intimation of the character of the obligation he was signing, and knowing at the same time that

this plaintiff gave his signature as a mere matter of friendship and accommodation to him, the said Laidla, and without any other consideration whatever; that afterward, on the 21st day of May, 1868, at the instance of said Waugh, an execution was issued on said judgment against said Boyd, Laidla, and this plaintiff, and delivered to the sheriff of said county, who called on this plaintiff for payment; that the plaintiff referred the sheriff to said Laidla, who, when called on, declared that he considered himself absolved from all liability on the same by reason of said replevin bail obligation of this plaintiff; that this was the first intimation this plaintiff had of the repudiation by said Laidla of his said liability, and the treacherous and deceitful character of the appeal made to this plaintiff's generosity by said Laidla; that this plaintiff, being threatened with a levy upon his property, did, on the 18th day of June, 1868, pay to said sheriff two hundred and fifty-two dollars and ninety-one cents, in full of said execution, all for the use and benefit of said Laidla, and without any consideration whatever. He has since demanded from said Laidla the payment of said sum, which he refused to pay, etc.; wherefore, etc.

The question is, whether the complaint shows that Loveless was induced to execute the recognizance of replevin bail by the fraud of Laidla. We think it quite clear, from the allegations of the complaint, that Loveless believed that he was becoming security for Laidla, and that Laidla would be responsible to him if he should have the debt to pay. The finding in the judgment, that Laidla was the security of Boyd, the order that the execution to be issued on the judgment should be first levied on the .property of Boyd, and that the judgment should not be replevied unless the replevin bail would stipulate to pay the judgment in case the the same could not be made of the principal debtor, are all irregular, to say the least of them. No written complaint was filed by the surety, as contemplated by sec. 674, 2 G. & H. 308. But, on the contrary, both the principal and surety made default. No objection was made by the surety at the

time of the rendition of the judgment to a stay of execution in the ordinary manner, as required by section 430, 2 G. & H. 237, for the record informs us that he was not present, but made default. But conceding that the finding and orders of the court are valid, still they do not prevent the introduction of evidence of the fraud by which Loveless was induced to sign the recognizance of replevin bail.

The learned counsel for appellant refers us to *Seeright* v. *Fletcher*, 6 Blackf. 380. In that case the action was upon a delivery bond. The defendant pleaded that the constable who took the bond falsely and fraudulently represented to the defendant that the property was to be delivered to the constable on the 5th day of April, 1842, at 10 o'clock, A. M., and not on the 8th day of April, as stated in the condition; and that the bond was executed in confidence of said false and fraudulent representations, without the same being read to him, and that he was thereby deceived and prevented from delivering said property on the day named in the condition, to wit, the 8th day of April, etc. A demurrer to this plea was sustained by the court below, and in reference to that ruling, the following is the language used by the learned judge who wrote the opinion: "The first. error assigned is, that the court sustained the demurrer to the defendant's special plea. The demurrer we think was correctly sustained. It does not appear that the defendant was deceived by the representations made to him, or if he was, it is manifest that it was the consequence of his own folly. If the defendant were an illiterate man, and the bond had been misread to him, he not being able to detect the imposition, the case would have been different. But it appears that he signed the bond without reading it himself, or hearing it read, and with all the means of knowing the truth in his power, reposed a blind confidence in representations not calculated to deceive a man of ordinary prudence and circumspection. In such a case the law affords no relief. 2 Stark. Ev. 374." It seems that the false representation relied upon in that case was

made at the time of the execution of the instrument, and it would seem, therefore, to have been no more than a misrepresentation as to the contents of an instrument which the party was then about to execute. In this we think it distinguishable from the case under consideration.

In *Rogers* v. *Place*, 29 Ind. 577, this court had the point in question under consideration, and having the case of *Seeright* v. *Fletcher* before it as an authority, said: "In the absence of any device to put the party off his guard, an omission to read the instrument by one having the capacity to do so, will place him beyond the protection of the law; and the maxim, '*vigilantibus, non dormientibus, jura subveniunt,*' will apply to him with all its force."

In *Keller* v. *The Equitable Fire Insurance Company*, 28 Ind. 170, this court said: "Thus, if it be the law that a contracting party may not rely upon the representations of the party with whom he contracts, as to the contents of a written instrument, but must examine the instrument for himself, it is at the same time implied that the party who represents the contents of the instrument shall not, by his own act, have rendered such examination of more than ordinary difficulty. In other words, the amount of diligence required is to be determined by the relation of the parties and the circumstances of each case." It is clear to us that Loveless executed the instrument in question under a misapprehension of its nature, and that such misapprehension was caused by the representations of Laidla. By these representations he supposed, and had a right to suppose, that the instrument which he was to sign was an ordinary recognizance of replevin bail. It is not fair that Laidla should now say that Loveless should have read the instrument before he signed it, in order to see whether he was becoming security for him or for some one else. He had requested Loveless to become his security, to replevy the judgment for him. He did not want to borrow the money of Loveless, and pay off the execution, for the reason that he wanted to keep Waugh out of the money as long as

he could. With a full belief that he was becoming security for Laidla, and Laidla knowing that Loveless believed that he was becoming security for him, he signed the instrument in question. Where a person designedly or knowingly causes a false impression to be entertained by another, who is thereby drawn into a contract injurious to his own rights or interests, it is a case of fraud in which the courts will relieve. *The State* v. *Holloway*, 8 Blackf. 45; *Bischof* v. *Coffelt*, 6 Ind. 23. To say that the facts set out in the complaint do not constitute a cause of action, would be to sanction bad faith in Laidla and allow him to reap an advantage therefrom to which he is not justly entitled. The demurrer admits the truth of the facts alleged; the jury found them to be true from the evidence adduced on the trial of the cause; and we think the judgment ought to be affirmed.

The judgment is affirmed, with ten per cent. damages and costs.

*R. C. Gregory*, for appellant.

*J. A. Stein* and *A. S. Embree*, for appellee.