## HESS v. YOUNG.

FRAUD.—*Pleading.*—In pleading fraud, it is not sufficient to allege the same in general terms, but the facts constituting it should be alleged; and such facts may be charged without using the words "fraud" or "false and fraudulent representations."

SAME.—*Contract.—Tort.—Counter-Claim.*—A counter-claim predicated on a contract can not be pleaded to a complaint sounding in tort.

SAME.—*Fraudulent Representations.—Instruction.*—In an action to recover money alleged to have been paid upon fraudulent representations, the complaint alleged, that the defendant and an agent for the sale of a certain patent-right represented that such patent-right was of a certain value, and that, if the plaintiff would join with the defendant in purchasing the same, each paying half, an assignment and sale of the same would be made to them; that plaintiff, being informed that the defendant had paid his half, paid his proportion, and an assignment of such patent-right was duly made to them; that such patent-right was of no value; that defendant had not paid, and had never intended to pay, his half, but had combined with such agent to induce, and had induced, the plaintiff to invest his money in a worthless article, and had received a portion of such money for so deceiving the plaintiff.

*Held,* on demurrer, that the complaint is sufficient.

*Held,* also, that an instruction to the jury, that, upon proof of the allegations of the complaint, the plaintiff was entitled to recover, is correct.

SAME.—*Contract.—Recovery of Money Paid.—Tender.*—In an action founded upon alleged fraud in making a sale of a patent-right, alleged to have no value, it is not necessary to make a tender of the patent-right back to defendant before suit, and error in an instruction relating to such tender is harmless.

SAME.—*Misrepresentation.—Evidence.—Means of Knowledge.*—Where a party to a contract relies upon his own judgment, with means of knowing the facts equal to those of the other party, and he does not make use of them, he can not complain.

From the Vigo Circuit Court.

*S. C. Davis, S. B. Davis, J. F. Scott* and *H. B. Jones,* for appellant.

*J. M. Allen, W. Mack* and *— Davis,* for appellee.

BIDDLE, C. J.—Samuel M. Young brought suit against Francis J. Hess, Benjamin F. Watson, Charles H. Tinker and John W. Crampton, upon the following complaint:

"Plaintiff complaining says, that, in the month of December, 1871, the defendants Watson and Tinker were

the owners of letters-patent from the United States, for certain improvements in screening grain and seed, and defendant Crampton was their agent for the sale of said patent-right territory; that, at said time, said defendant Hess conspired with the other defendants to cheat and defraud plaintiff, in this, to wit: The said Crampton, as agent and attorney in fact for Watson and Tinker, came to plaintiff's house with said Hess, and he and Hess falsely and fraudulently represented to plaintiff, that said patent was of great value, and certain counties, to wit, those set forth in the written assignment made by Watson and Tinker to plaintiff and Hess, a copy of which is filed herewith and made part hereof, were of the value of two thousand dollars; and the said Hess and other defendants fraudulently represented to plaintiff, that, if said plaintiff would pay one thousand dollars for said territory, said Hess would also pay one thousand dollars, making two thousand dollars, and an assignment should be made by Tinker and Watson to Young and Hess for said territory, and that the said Young and Hess should hold the same as partners; that said Hess and other defendants represented he was ready and willing to pay one thousand dollars in cash, but wanted the plaintiff, who was a farmer, to go in with him and pay the same amount and purchase the said territory.

" Plaintiff, having no knowledge or information of the facts and matters aforesaid, and believing all said representations to be true, and relying thereon, entered into said agreement and paid one thousand dollars in money and cash notes secured by mortgage, and which were accepted as cash, and of the value of one thousand dollars; and, believing that said Hess was paying a like amount in cash, and that he and Hess were paying two thousand dollars for said territory, he and Hess took said assignment of territory; that plaintiff supposed said purchase was made and executed in good faith by all parties, and never learned to the contrary

until the month of February, 1874, when he was informed, and learned for the first time, that defendant Hess paid nothing for said assignment, but he and defendant had combined and confederated together to cheat and defraud plaintiff; that Hess paid nothing on said contract, and the said defendants, other than Hess, gave to Hess one-half of said one thousand dollars so paid by plaintiff as aforesaid, and said patent was of no value; that, as soon as he learned these facts, he went to said Hess—the other defendants being non-residents of the State—and notified him that he had just discovered said fraud, and dissolved said partnership, and tendered back to him a reassignment of said letters-patent and a return of the one he received, and demanded from him the consideration he had paid, all of which was refused by defendant, and that he rescinded said contract.

"Plaintiff therefore demands judgment for one thousand five hundred dollars, and other proper relief."

None of the defendants were served with process, and none appeared to the action, except Hess. He demurred to the complaint, alleging the insufficiency of the facts stated to constitute a cause of action. The demurrer was overruled, and exceptions reserved.

Answer, general denial, and counter-claim as follows:

"And for further answer, and by way of cross-bill, the defendant says, that, on the 19th day of December, 1871, the plaintiff and defendant entered into an agreement for the purpose of buying and selling a certain machine for screening grain and seed; that said agreement was made and entered into at the solicitation and importunity of said plaintiff; that said plaintiff agreed with the defendant to do all the outside work in said business, such as soliciting custom for the said machine, and devote his entire time to said business; and the defendant was to receive the said machine at his place of business in Terre Haute, Indiana, and deliver the same to customers procured by said plaintiff; and, in addition, sell all the ma-

chines he could; that no rent or storage was to be charged against the firm, but the defendant's place of business was to be used for the reception and delivery of their machines; that, in pursuance of said agreement, they purchased the letters-patent mentioned in the complaint, and purchased some machines and sold a few; that all that were sold were sold at the defendant's place of business; that defendant was at the time engaged in the business of a dealer in agricultural implements, wagons, etc.; that the machine was a valuable machine, and ready sale in the usual way of selling such machines; that the plaintiff utterly and wholly failed to comply with his said agreement, and neglected to properly canvass and sell said machines, or devote any attention thereto, on which account the said purchase became useless to this defendant; that the defendant purchased a half-interest in said patent-right, in good faith, and fully relying upon the said agreement of the plaintiff to work for the sale of the machines, and has complied with all the terms of said agreement, and fully paid all his part of the said letters-patent, and has ever been ready to perform all of his part of said agreement; and the defendant avers, that, if said plaintiff had complied with his said agreement, and devoted his time to the selling of said machines, they could have sold five hundred machines, at a profit of fifteen dollars per machine, clear of all expenses. Wherefore defendant says, by reason of the plaintiff's failure to comply with his said contract, he has been damaged in the sum of two thousand dollars, for which he demands judgment."

The plaintiff below demurred to the counter-claim, for want of facts alleged; the demurrer was sustained, and exceptions reserved. Trial by jury, and verdict for appellee.

By proper motions and exceptions, the appellant presents the following questions:

1. The appellant insists that the complaint is not

sufficient; that it is not enough to charge fraud and fraudulent representations, in general terms; that the facts which constitute the fraud must be alleged. In this we agree with the appellant. It is also true, that facts which constitute fraud may be charged, without using the words "fraud" or "false and fraudulent representations," at all.

We think the complaint in this case sufficiently alleges facts which constitute fraud.

2. Next, it is urged, that the counter-claim is sufficient. We are of a different opinion. The complaint is founded in tort, the counter-claim in contract. A contract is a matter which can not arise out of tort, or be so connected with it as to be pleaded as a counter-claim to an action sounding in tort. *Conner* v. *Winton*, 7 Ind. 523; *Lovejoy* v. *Robinson*, 8 Ind. 399; *Slayback* v. *Jones*, 9 Ind. 470; *Shelly* v. *Vanarsdoll*, 23 Ind. 543.

3. The court instructed the jury as follows:

" 2d. The plaintiff claims that he was induced by the defendant's acts, and representations of Hess, to join him in buying a patent wheat screen, for which they were to pay each one thousand dollars, and become partners; that he paid his thousand dollars, and, believing Hess had paid the same amount, had an assignment made to them by Crampton; that afterwards he discovered that he had been deceived; that Hess had paid nothing for said patent, and it was of no value; but that, before making the agreement with plaintiff, he had combined with Crampton to make said pretended agreement with Young, and induce Young to pay Crampton a thousand dollars, which Hess and Crampton were to divide between themselves; that, so soon as he learned he had been defrauded, he rescinded the contract. Now, if you believe, from the evidence, that these facts are true, you should find for the plaintiff for the amount of damages he has sustained."

We can see nothing erroneous in this instruction. In

reference to the complaint, and as applicable to the evidence, which is all before us, we think it correct.

4. The fifth instruction given by the court is also complained of  We do not set it out; it does not seem necessary. It relates to the tendering back of the title of the patent-right to the defendants. The case being founded upon the alleged fraud in making the sale of the patent, which had no value to the appellee, and not brought to rescind the contract, it was not necessary to make a tender of the title to the patent before suit, at all. In such a case, even an error in the instruction—but we perceive none—would not be available in this court.

5. The court refused to give the following instruction, on motion of the appellant:

" 3d. When a party buys property, relying on his own judgment, he can not avoid the contract on account of misrepresentations; and, if the jury find, as to the question of the value of the machine or territory, that Young and Hess had equal means of knowing the value thereof, they should find for the defendants on that issue."

This instruction is correct, and should have been given. When a party relies upon his own judgment, with means of knowing the facts equal to those of his opponent, and he does not make use of them, he can not complain. It is useless to say he was defrauded by false representations, unless he believed them to be true, and acted upon them accordingly. *Jenkins* v. *Long*, 19 Ind. 28; *Hagee* v. *Grossman*, 31 Ind. 223; *Bowman* v. *Carithers*, 40 Ind. 90.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings, etc.