Filed March 10, 1891.

---

No. 14,766.

COPPAGE, ADMINISTRATOR, *v.* GREGG ET AL.

TRUSTEE.—*Liability to Claimant on Fund.*—A person receiving the proceeds arising from the sale of a leasehold interest, under a promise to pay off any liens on the property, becomes a trustee for all holding such liens, and, upon a proper demand, an action by such a lien-holder may be maintained against him.

SAME.—*Acceptance of Trustee's Promise by Creditor.*—*Demand.*—*What Sufficient to Constitute.*—In a complaint against such trustee by the lien-holder, it is necessary to show an acceptance by such creditor of the trustee's promise; but such acceptance is implied from the fact of bringing the action; and an acceptance and demand may be inferred from an allegation that such trustee *refused* to pay the plaintiff, and appropriated the money to his own use.

From the Montgomery Circuit Court.

*L. J. Coppage*, for appellant.

*J. West*, for appellees.

MILLER, J.—The only error assigned in this case is the ruling of the court in sustaining the demurrers of the appellees to the complaint, which, omitting formal matters, is substantially as follows:

That the appellant is administrator of the estate of Mary C. Eyler; that in April, 1886, the appellee, William P. Gregg, was the owner of and. conducting a general business for the sale of agricultural implements and coal, in the city of Crawfordsville; that the premises upon which the busi-

ness was being carried on was leased of one Hattie McEwen for the term of — years, with the privilege of renewing the same from time to time, the buildings, sheds, bins, scales, and other furniture, being owned by the lessee, and were of the value of seven hundred dollars, and the appliances for handling coal of the value of three hundred dollars; that in March, 1886, said Williams P. Gregg borrowed of the deceased three hundred and eighty dollars, and executed to her his note of that date for the amount of the loan, due one year after date, a copy of which note purports to be, but is not, made part of the complaint; that afterwards, on the 27th day of April, 1887, Gregg, to secure the payment of the note, executed a chattel mortgage on the coal office, sheds, furniture, implements and other personal property, which mortgage was on the same day recorded in the recorder's office of Montgomery county; that in August, 1888, the appellant filed his complaint against said Gregg, in the Montgomery Circuit Court, for the foreclosure of the mortgage, and in September obtained a judgment for $462, and the foreclosure and sale of the mortgaged property; that during the pendency of the suit against Gregg, he, with intent to place said property beyond the reach of any process that might be issued on the judgment, sold to the appellee Marshall said coal office, sheds, scales and everything connected, which had not been sold or consumed prior to that time, for the sum of eight hundred dollars, which sum was at the time paid over to the appellee Orpheus M. Gregg, both of whom had actual and constructive notice of the mortgage, the pendency of the suit, and of the intent of William P. Gregg to hinder and defeat the plaintiff in the collection of his claim; that Orpheus M. Gregg then and there agreed to indemnify said Marshall against any loss he might sustain by reason of any valid incumbrance then existing against said property, and to pay off and discharge any lien or encumbrance that was enforceable against the same, but that he received said sum of eight hundred dollars

from said Marshall without yielding or paying any other consideration than his said agreement as above set forth; that the note and mortgage had been due more than eighteen months before the suit was instituted thereon, but that the personal property in the coal office, sheds and fixtures, though of great value upon the leased real estate, would be and are of comparatively little value to be torn down, to wit, fifty dollars; that for six months prior to the sale thereof, the appellant had foreborne to bring suit and expose them to sale, at the earnest solicitation of the defendant William P. Gregg, and upon the representation of Gregg that it would entail upon him great loss by depriving him of the value thereof; that he was about to sell the said property for a good price, and promised to pay plaintiff the full amount of said note as soon as he succeeded in making a sale of the property, but that immediately on making a sale he procured a renewal of the lease of the real estate, upon which the buildings and fixtures were situate, to be made by the owner thereof to said Charles N. Marshall, and the money to be paid to said Orpheus M. Gregg, who upon the receipt thereof refused to pay the appellant the amount due him upon the note and mortgage, but at once appropriated the same to his own use; that said William P. Gregg was and still is wholly insolvent, and that said office, coal sheds and scales are unsalable and entirely unavailable as assets in their present condition; that Charles N. Marshall refuses to be made a party plaintiff, and is, therefore, made a defendant. Plaintiff, therefore, prays judgment for five hundred dollars, and that the same be declared a lien upon and enforceable against the fund in the hands of said Orpheus M. Gregg; that he be declared a trustee and ordered to pay, etc.

This complaint is somewhat peculiar, and it is not easy to determine upon precisely what theory the pleader desired to predicate his·cause of action. One portion apparently proceeds upon the assumption that the action of William P.

Gregg in transferring the mortgaged property to Marshall, and procuring a renewal of the lease to be made to him was, under the circumstances, sufficient to make him and the other participants liable for damages in an action sounding in tort.

Without entering into an extended discussion of the objection to this theory pointed out in the brief of appellees, it is sufficient to say that, eliminating from the pleading the allegations charging fraud and fraudulent intent, and looking at the facts themselves, it does not appear that either of the appellees did a single thing that the law prohibited them from doing, and, under such circumstances, it has been well said that " Fraud can not be predicated upon acts which the party charged has a right by law to do, nor upon the non-performance of acts which by law he is not bound to do, whatever may be his motive, design or purpose, either in doing or not doing the acts complained of." BIDDLE, J., in *Franklin Ins. Co.* v. *Humphrey*, 65 Ind. 549 (560).

Nor does it appear that the mortgaged property was of less value in the hands of Marshall, or less available as a security, than it would have been if Gregg had continued to own it.

The cases of *Duke* v. *Strickland*, 43 Ind. 494, and *Shearer* v. *Evans*, 89 Ind. 400, do not sustain the position of the appellant in this case, for in each of these cases the mortgaged property was so mixed and confused with that of the plaintiff as to be incapable of identification, and then shipped and sold so as to be entirely beyond the reach of the plaintiffs.

The other theory, and from the prayer for relief, the one we are led to believe the pleader chiefly relied upon, proceeds upon the ground that the delay of the appellant in bringing suit for a long period of time after his cause of action accrued, upon the representation of William P. Gregg that he was about to sell out the business, and his promise that he would, when he made sale, pay to the appellant the full amount of his claim, coupled with the fact that when he

did make sale of the mortgaged property the sum of eight hundred dollars was placed in the hands of Orpheus M. Gregg to pay off and discharge any liens or encumbrances enforceable against the property, created a right of action in favor of the appellant, with the other encumbrancers, if any, to this fund, or enough of it to discharge their liens.

Taking into consideration the agreement between the appellant and William P. Gregg, the insolvency of Gregg, the condition and nature of the mortgaged property, we think it clear that the appellant is entitled in equity to treat Orpheus M. Gregg as a trustee of this fund for the benefit of himself and the other creditors, if any, having liens on the property.

The receipt of the money by Orpheus M. Gregg was a sufficient consideration for his agreement to pay the same to the lienholders, and the appellant being a lienholder is entitled to sue upon that promise.

It is not, as claimed by the appellees, necessary that the complaint should show an acceptance by the appellant of this promise, other than such as is implied by the bringing of this suit (*Carnahan* v. *Tousey*, 93 Ind. 561); but if it was necessary an acceptance and demand may be inferred from the allegation that Orpheus M. Gregg *refused* to pay the appellant, and appropriated the money to his own use.

It is contended that the complaint is bad because it does not show that all the property covered by the mortgage had been sold to Marshall; it is sufficient to say that this fact may in the future become important in ascertaining the amount of a recovery, but if some of the property was sold, and the promise and agreement made, the appellant is entitled to a recovery.

The complaint shows that all of the appellees are proper, if not necessary, parties to the action, in order that there may be a complete determination and settlement of the questions involved.

The judgment is reversed, with costs, and the cause re-

manded, with instructions to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

Filed March 11, 1891.